### IN RE REVIEW OF STATUS OF TOWN OF WHITE BEAR.
### MINNESOTA MUNICIPAL COMMISSION v. TOWN OF WHITE BEAR.

129 N. W. (2d) 560.

June 19, 1964—No. 39,388.

*Walter F. Mondale,* Attorney General, and *Philip B. Byrne,* Special Assistant Attorney General, for appellant.

*Wille & Wille* and *Thomas, King, Daubney, Swenson & Collatz,* for respondent.

NELSON, JUSTICE.

On June 27, July 3, July 24, and August 23, 1962, the Minnesota Municipal Commission held hearings, pursuant to Minn. St. 414.05, subd. 4, to determine whether all or part of the town of White Bear would be best served by incorporation, annexation, or neither. The commission issued orders on February 21, 1963, requiring that the major portion of the town be annexed to the city of White Bear Lake and the remainder of the town to the village of Vadnais Heights. The annexation was to be effective on March 4, 1963.

The town of White Bear on February 28, 1963, appealed from the orders to the district court. Following trial of the appeal on December 2, 1963, the district court issued its findings of fact and conclusions of law on December 3, 1963, and a supplemental order on December 5, 1963. Judgment, consolidating the commission orders, was entered on January 16, 1964, whereby the court remanded the matter to the commission with instructions to hold an election on the question of annexation in the areas proposed for annexation pursuant to § 414.03, subd. 5, as amended by L. 1963, c. 621, § 2.

The commission prosecutes its appeal to this court from the judgment. The town of White Bear filed a petition for review under Minn. St. 605.065 on February 6, 1964, which is also now before this court.[1]

The appeal of the commission presents the issue whether the district court erred in holding that it is necessary to hold an election in

[1]Minn. St. 605.065 (L. 1963, c. 806, § 6) provides: "A respondent may obtain review of a judgment or order entered in the same action which may adversely affect him by serving a notice of review on all parties to the action who may be affected by the judgment or order. The notice of review shall specify the judgment or order to be reviewed and shall be served upon the other parties within 15 days after service of the notice of appeal on that respondent and thereafter shall be filed with the clerk of the supreme court."

those areas of the town of White Bear proposed for annexation to the city of White Bear Lake and the village of Vadnais Heights.

Annexation proceedings of the type here involved may be initiated pursuant to either Minn. St. 414.03, subd. 1, or 414.05, subd. 4. Section 414.03, subd. 1, provides in part:

"A petition for the annexation of adjoining unincorporated property may be initiated by resolution of the annexing municipality, the township containing the area proposed for annexation, or by twenty percent of the freeholders or 100 freeholders, whichever is less, residing in the area to be annexed."

Section 414.05, subd. 4, provides:

"If it is determined that annexation to an adjoining municipality will best serve the interest of the area, it [the commission] shall initiate proceedings for annexation which shall be controlled as near as is practical by the law relative to the annexation of unincorporated areas."

The commission concedes on appeal that an election would be necessary in the instant case if the proceedings had been initiated by petition under § 414.03, subd. 1. This is clear from a reading of § 414.03, subd. 5, as amended by L. 1963, c. 621, § 2, which states in part:

"Where the petition for annexation has not been initiated by a majority of the land-owners in number within the area to be annexed, the order of the commission affirming the petition for annexation shall fix a day, not less than twenty days nor more than forty days, after the entry of such an order, when an election shall be held at a place designated by the commission within the area to be annexed."[2]

The statute as amended is expressly made applicable to "all petitions now pending or hereafter filed before the Minnesota Municipal Commission" by § 3 of c. 621. The commission nevertheless contends

---

[2]Prior to the enactment of L. 1963, c. 621, § 2, an election was not required if the area proposed for annexation was located in the "metropolitan area" as defined by Minn. St. 473.02, subd. 5. The town of White Bear is located in such "metropolitan area."

that an election is not required when annexation proceedings are initiated by the commission itself under § 414.05, subd. 4. It argues that such proceedings are not initiated by petition as is the case under § 414.03, subd. 1, and, therefore, are not subject to the provisions of c. 621, § 2. It contends that c. 621, § 2, applies only to proceedings initiated under § 414.03, subd. 1, since c. 621 is expressly amendatory of § 414.03. It also argues that § 3 of c. 621 manifests a legislative intent to restrict application of the chapter to "all petitions now pending or hereafter filed" before the commission and not to commission actions under § 414.05.

The town of White Bear contends that for the purposes of construing c. 621, § 2, annexation proceedings commenced by the commission pursuant to Minn. St. 414.05, subd. 4, must be viewed as initiated by petition in the same manner as proceedings initiated under § 414.03, subd. 1. The town contends that otherwise proceedings initiated by the commission would be outside and not in line with the proclaimed purpose of the commission as stated in § 414.01, subd. 1:

"A commission is hereby created to hear *petitions* for * * * the annexation of property to municipalities. * * *" (Italics supplied.)

We do not find it necessary, however, to decide here whether proceedings commenced by the commission under § 414.05, subd. 4, are to be viewed as initiated by petition. The dispute herein has been resolved by that portion of § 414.05, subd. 4, which provides that proceedings initiated by the commission "shall be controlled as near as is practical by *the law relative to the annexation of unincorporated areas.*" (Italics supplied.) The foregoing words—*"the law relative to the annexation of unincorporated areas"*—obviously refer to § 414.03, which is titled "ANNEXATION OF UNINCORPORATED PROPERTY TO A MUNICIPALITY." Since § 414.03, subd. 5, as amended by L. 1963, c. 621, § 2, requires an election within the area proposed for annexation where the petition for annexation has not been initiated by a majority of landowners in the area to be annexed, it becomes clear that the legislature intended an election to be held in the instances set forth in c. 621, § 2, regardless of whether the annexation proceedings were initiated under Minn. St. 414.03, subd. 1, or 414.05, subd. 4.

Minn. St. 1961, § 414.03, subd. 4, provided in part:

"* * * If the order [of the commission] approves annexation it shall be final if the area proposed for annexation is located within the metropolitan area as defined in Minnesota Statutes, Section 473.02, Subdivision 5."

L. 1963, c. 621, § 1, deleted this provision, making any order approving annexation and fixing a date for an election an intermediate, nonappealable order. This change became necessary in order to carry out the purposes of § 2 of c. 621, which amended Minn. St. 414.03, subd. 5, so as to require an election even though the area proposed for annexation was located in the metropolitan area. Clearly, an order of the commission could not constitute a final order if an election must still be held as required by c. 621, § 2.

Subsequent to the approval on May 10, 1963, of c. 621, L. 1963, c. 807, became effective by approval May 22, 1963. Chapter 807, § 9, also amended Minn. St. 414.03, subd. 4. It restated the provisions of Minn. St. 1961, § 414.03, subd. 4, including the sentence deleted by c. 621, §1—

"* * * If the order approves annexation it shall be final if the area proposed for annexation is located within the metropolitan area as defined in Minnesota Statutes, Section 473.02, Subdivision 5."—

and added six new sentences which do not bear upon the controversy here. It is contended by the commission that the inclusion of the above-quoted sentence in c. 807, § 9, is meaningless and superfluous if c. 621, § 2, is construed, as we have done, to apply to proceedings initiated under both Minn. St. 414.03, subd. 1, and 414.05, subd. 4. The commission argues that to give meaning to c. 807, § 9, c. 621, § 2, must be interpreted as restricted to proceedings initiated by petition under § 414.03, subd. 1, and c. 807, § 9, as limited to proceedings initiated by the commission under § 414.05, subd. 4.

The commission is in error in urging the statutory construction advanced by it for several reasons. First, c. 807, § 9, cannot be construed as applying solely to § 414.05, subd. 4, since its first sentence

expressly states that it is amendatory of § 414.03, subd. 4. Secondly, c. 807, § 12, provides in part:

"The provisions of this act shall not be construed in any way to affect or modify the provisions of Laws of Minnesota 1963, Chapter 621, insofar as such enactment amends Minnesota Statutes 1961, Section 414.03, Subdivisions 4 and 5, and enacts section 3 thereof."

It is thus clear that there was no intention on the part of the legislature to restore by c. 807, § 9, the sentence relied upon by the commission which had been deleted by c. 621, § 1. Minn. St. 414.03, subd. 4, as amended by L. 1963, c. 621, § 1, and c. 807, § 9, is to be read with the sentence deleted.[3]

This construction of c. 807, § 9, would be compelled even if no reliance were to be placed upon c. 807, § 12, quoted above. The manner in which proposed legislation is drafted in our state legislature[4] is a matter subject to judicial notice. Unlike the procedure in Congress and in some legislatures in other states, a bill for an amendment of a statute in Minnesota contains the full text of the chapter, section, or subdivision to be amended.[5] The amending matter is inserted in the proper place in such text and, depending on whether the bill is typewritten or in printed form, either underscored or printed in italics. Matter which is to be eliminated is stricken by drawing a line through it in a typewritten bill and by being capitalized and enclosed in brackets in a printed bill.[6]

Two or more bills are often considered during a legislative session which amend the same chapter, section, or subdivision, but nevertheless do not conflict with respect to the additions or deletions which each

---

[3]See, 24A M. S. A., 1963 Pocket Part, p. 41.

[4]See, Permanent Rules of the Senate, Rule 34, and Permanent Rules of the House, Rule 4b.

[5]Except a bill drafted by the revisor of statutes for the purpose of correcting an error in Minnesota Statutes.

[6]In the official state publication of the laws enacted at each session of the legislature, the same procedure is adopted, additions to existing laws being indicated by italics and deletions by a line drawn through the stricken matter.

makes to the prior law. If the same author had been interested in all the proposed bills the various amendments could have been combined in one bill. This, however, is not often the case. Invariably, bills are drafted which do not reflect alterations made by prior amendments in the same legislative session. The drafter might not have been aware of the passage of the prior amendment, or, as is common, the bill might have been drafted before the prior amendment was passed by the legislature or even drafted.[7] Whatever the reason, the important fact remains that when a bill amending a statute is passed, there is no intention on the part of the legislature to enact as new law the bill's recitation of the text of the amended law. The text of the law being amended in the bill is the vehicle by which the actual amendment is carried through. What is actually enacted by an amendment must be determined from the new language, as well as from the deletions, and not from the recitation of the old provisions.

In the light of the foregoing procedure it becomes clear in the instant case that even without c. 807, § 12, the commission's reliance on the restatement of the above-quoted sentence in c. 807, § 9, is unfounded. The sentence was deleted by c. 621, § 1, and there was no intention on the part of the legislature to restore the sentence by c. 807, § 9.[8] If such intention existed the sentence would have been underscored in the enrolled bill[9] instead of appearing in ordinary type. It is therefore obvious that the sentence above quoted was not enacted

---

[7] Rule 4b, Permanent Rules of the House, provides in part: "If the bill is for an amendment of a statute, all statutory references shall be to the latest edition Minnesota Statutes, and it shall contain the full text of the section or subdivision to be amended as it appears in the latest edition Minnesota Statutes, unless it has been amended at a later session, in which event it shall contain the full text as amended."

[8] Minn. St. 645.33 (L. 1941, c. 492, § 33) provides: "When two or more amendments to the same provision of law are enacted at the same or different sessions, one amendment overlooking and making no reference to the other or others, the amendments shall be construed together, if possible, and effect be given to each. If the amendments be irreconcilable, the latest in date of final enactment shall prevail."

[9] H. F. No. 315.

into law in that form.[10] This sentence, as well as the remainder of c. 807 appearing in ordinary type, was intended only as the vehicle used to carry out the true enactment. The statutory interpretation of the trial court reflected in the findings and judgment entered is sustained.

Affirmed.

---

[10]The sentence as printed in L. 1963, c. 807, § 9, is not in italics.