HERMAN MOEDE *vs.* COUNTY OF STEARNS.

May 19, 1890.

**Certiorari—Appeal from Final Order.**—In proceedings on *certiorari* an appeal will lie from a final order of the district court affecting a substantial right.

**School-District—Reversal of Order of County Board—Appeal.**—The board of county commissioners, as the representative of the public, to whom is intrusted the matter of forming school-districts, may appeal from an order of the district court reversing their action in establishing a new district.

**Same—Certiorari.**—The action of the county board in forming school-districts is legislative, and not judicial, and cannot be reviewed on *certiorari*, (following former decisions.)

Appeal by defendant from a judgment of the district court for Stearns county, *Searle, J.*, presiding.

*Oscar Taylor*, for appellant.

*Reynolds & Stewart*, for respondent.

MITCHELL, J. Upon *certiorari*, the district court reviewed and quashed the proceedings of the board of county commissioners in forming a new school-district, and from this action of the court the board appeals. The respondent moves to dismiss the appeal on the grounds—*first*, that in *certiorari* an appeal does not lie from the district to the supreme court; and, *second*, that, in any event, the board of commissioners have no such right. The first ground is not urged in the brief, and is clearly not well taken; for if *certiorari* be not a "civil action," within the meaning of the statute, it certainly is a special judicial proceeding, from a final order in which, affecting a substantial right, an appeal will lie. In support of the second ground, counsel urges that the county board is not a party to the *certiorari*, the writ being merely directed to them to bring up their proceedings for review; that the board is not a party aggrieved, having no interest in the subject involved,—likening the case to one where the judgment of a court is reviewed on *certiorari*, in which it is uniformly held that the court or judge whose judicial action is re-

viewed and reversed is not interested in the result, and hence cannot appeal, not being a party aggrieved. But, in our judgment, the cases are not at all analogous. The court or judge in the case supposed has no representative capacity, but is merely the tribunal by whom the rights of others have been determined. But the board of county commissioners is the representative of the county or public, to which is intrusted the matter of forming new school-districts, and uniting, dividing, or changing the boundaries of old ones, as public interests require. The public has a special interest in the establishment and preservation of these districts, and we think that the board of county commissioners, to whom that matter is intrusted, is, as the representative of the public in that regard, a party interested in and aggrieved by the order of the court reversing and setting aside their action, and therefore has the right of appeal.

The order appealed from must be reversed, unless we are to overrule former decisions in which we have held that the action of a board of county commissioners of this nature is merely legislative, and not judicial or *quasi* judicial, and cannot be reviewed on *certiorari*. *In re Wilson*, 32 Minn. 145, (19 N. W. Rep. 723;) *State* v. *Mayor of St. Paul*, 34 Minn. 250, (25 N. W. Rep. 449;) *Lemont* v. *County of Dodge*, 39 Minn. 385, (40 N. W. Rep. 359;) *Christlieb* v. *County of Hennepin*, 41 Minn. 142, (42 N. W. Rep. 930.) We are aware that there is abundant authority to be found elsewhere for reviewing proceedings like these on a writ of *certiorari;* some courts going so far as to hold that any proceedings, whether judicial, legislative, or executive, of any inferior court, tribunal, board, or officer, may be reviewed in this way, if there is no appeal or other direct mode of reviewing their proceedings. But while we have to recognize the fact that the office of this writ has been extended beyond what it was at common law, and is not now confined to reviewing the decisions of courts, properly so called, but may also be used in certain cases to review the proceedings of special tribunals, boards, commissions, and officers of municipal corporations, yet reflection and further examination only confirm us in the opinion that, both on principle and considerations of public policy, we are right in confining the office of the writ, in the latter class of cases, to acts that are

strictly judicial, or *quasi* judicial, in their nature. There is no country in which the distinction between the functions of the three departments of government is more definitely marked out on paper than in the United States, and yet there is none in which the courts have assumed so often to review, in advance of actual litigation involving the question, the acts of co-ordinate branches of the government. It has become the fashion to invoke the courts by direct action, or through some remedial writ, to review almost every conceivable act, legislative, executive, or ministerial, of other departments; and courts have been so often inclined to amplify their jurisdiction in that respect that they have not unfrequently converted themselves into a sort of appellate and supervisory legislative or executive body. Such a practice is calculated to interfere with the proper exercise of the functions of executive and legislative officers or bodies; to obliterate the distinction between the powers and duties of the different departments of government; and, above all, to bring the courts themselves into disrepute, and destroy popular respect for their decisions. It may be very convenient to have in advance a judicial determination upon the validity of a legislative or executive act. It would often be equally so in the case of acts of a legislature. But we think the courts will best subserve the purposes for which they are organized by confining themselves strictly to their own proper sphere of action, and not assuming to pass upon the purely legislative or executive acts of other officers or bodies until the question properly arises in actual litigation between parties. It is but fair to the learned district judge to state that this question does not appear to have been raised or called to his attention on the trial in the court below.

Judgment reversed.