Merrimack, ⎱
Oct. 1, 1907. ⎰

## BARRY & a. v. LITTLE & a.

A finding that a licensee has violated the statute regulating the traffic in intoxicating liquor and is no longer entitled to exercise the privilege conferred by his license, made by the state board of license commissioners after due notice and hearing, is a judicial act, and the judgment rendered is valid until set aside upon appropriate proceedings.

The fact that the license commissioners, prior to a hearing on a complaint against a licensee and in his absence, heard and considered evidence tending to prove a violation of law, does not render their proceedings void, unless it appears that at the time of the hearing the licensee was justifiably ignorant of such conduct, or that he seasonably objected to the tribunal as disqualified by prejudice.

BILL IN EQUITY, alleging that the defendants, constituting the state board of license commissioners, on May 1, 1904, issued to the plaintiffs a license of the second class to traffic in liquors in Newport; that on February 2, 1905, the defendants, by virtue of section 14, chapter 95, Laws 1903, and on a complaint that the plaintiffs in December, 1904, had violated the provisions of said chapter, decided that the plaintiffs were guilty as alleged, cancelled their license, and declared the condition of their bond forfeited; and that the defendants, before the hearing on the complaint and in the absence of the plaintiffs, heard and considered *ex parte* evidence of a violation of the provisions of the statute by the plaintiffs and conferred with one Flood about the plaintiffs' guilt. The bill prayed that the decision of the commissioners be decreed to be void. At the April term, 1906, of the

superior court, the defendants' demurrer to the bill was sustained by *Peaslee,* J., subject to the plaintiffs' exception.

*Joseph Madden* and *Dudley & Lowe,* for the plaintiffs.

*Edwin G. Eastman,* attorney-general, for the defendants.

WALKER, J.   The demurrer raised the question whether upon the facts alleged in the bill the plaintiffs are entitled to equitable relief.   They seek to have the order of the board of license commissioners cancelling their license declared to be null and void. Whether they have misconceived their remedy it is unnecessary to determine, since they have not stated a cause of action showing that they have suffered actionable wrong.   If the action of the commissioners in cancelling their license was legal, it cannot be nullified in this, or in any other, form of procedure.

That the commissioners were exercising judicial functions in deciding that the plaintiffs had violated the provisions of the license law and that they were no longer entitled to exercise the privilege conferred upon them by their license, cannot be doubted. *Sargent* v. *Little,* 72 N. H. 555 ; *Parrent* v. *Little,* 72 N. H. 566 ; *State* v. *Corron,* 73 N. H. 434.   In the case last cited, which involved a similar question relating to the powers of the license commissioners, it is said (*p.* 457) that the defendant " had notice, was heard, and litigated before a competent tribunal the matter in issue, and the same results must follow the judicial action in which he took part as ordinarily attend an adjudication of which the parties have notice and in the course of which they are heard. In short, the cancellation of Corron's license was a judicial act, and the commissioners had jurisdiction of the parties to and the subject-matter of the suit."   As there is no allegation in the bill that the plaintiffs were · not properly notified of the hearing before the commissioners, and as they make no claim of that character, it is. presumed that they participated in the trial before that board. Hence the board had jurisdiction of the parties as well as of the· subject-matter involved in the complaint, and its judgment upon the issue tried is valid until set aside upon appropriate proceedings..

The principal ground of complaint on the part of the plaintiffs. is, that the commissioners were disqualified to act in a judicial capacity in the trial of the complaint against them, because they had, before the time of the hearing and in the absence of the: plaintiffs, heard and considered evidence which was prejudicial to· the plaintiffs.   But however reprehensible such conduct on the part of the board may be in the performance of judicial duties. (and upon this point no opinion is expressed), it did not necessa-

rily have the effect of rendering their proceedings absolutely void, so far as the plaintiffs are concerned. There is no allegation in the bill that they were ignorant, at the time of the hearing, of the facts which they now claim disqualified the members of the board from sitting in the case, or that they were not chargeable with knowledge thereof, or that they then objected to the tribunal on the ground of its disqualification for the reason suggested. In the absence of a statement of facts in the bill authorizing an inference that they were justifiably ignorant of the alleged incompetency of the board, it cannot be presumed that they were in that position at the trial. The only resulting conclusion is, that by their silence upon that point they were willing to submit the controversy to that tribunal, having jurisdiction of the subject-matter, and to waive the question of the bias or prejudice of its members produced by their having previously heard the statements of an interested witness, in the absence of both of the plaintiffs.

In *State* v. *Daniels*, 44 N. H. 383, the respondents, after verdict, objected that one of the jurors was disqualified because he had heard the case discussed before the trial. Upon this point the court say (*p.* 385): "There is a capital objection to the motion for a new trial on this account. It is not shown that the respondents and their counsel were not aware of the objection before the verdict was returned." This holding proceeds upon the obvious ground that the party urging such an objection assumes the burden of showing that he did not knowingly and willingly submit to a trial by a prejudiced tribunal. If he did, he cannot be heard to complain after a verdict against him. *Rollins* v. *Ames*, 2 N. H. 349; *Warren* v. *Glynn*, 37 N. H. 340; *Gilmanton* v. *Ham*, 38 N. H. 108; *Edmunds* v. *Griffin*, 41 N. H. 529; *Moses* v. *Julian*, 45 N. H. 52; *Burnham* v. *Goffstown*, 50 N. H. 560; *Wentworth* v. *Farmington*, 51 N. H. 128; *Harrington* v. *Railroad*, 62 N. H. 77; *Fowler* v. *Brooks*, 64 N. H. 423; *Bickford* v. *Franconia*, 73 N. H. 194, 196; *Hutchinson* v. *Railway*, 73 N. H. 271, 276; *Moon* v. *Flack*, *ante*, 140, 143. The demurrer was properly sustained.

*Exception overruled.*

All concurred.