253 Minn. 452 (1958)
92 N.W. (2d) 800
IN RE PETITION OF CHARLES C. ABEL AND OTHERS FOR IMPROVEMENT OF COUNTY DITCH NO. 2, MARTIN COUNTY.
FAIRMONT REAL ESTATE & INVESTMENT COMPANY AND OTHERS
v.
COUNTY OF MARTIN AND OTHERS. COUNTY OF MARTIN, APPELLANT.
No. 37,614.
Supreme Court of Minnesota.
October 24, 1958.
*453 Arthur T. Edman, County Attorney, and Gaarenstroom & Gaarenstroom, for appellant.
Erickson & Zierke, for respondents.
KNUTSON, JUSTICE.
This proceeding was commenced by the filing of a petition with the Board of County Commissioners of Martin County for the improvement of County Ditch No. 2 of Martin County. County Ditch No. 2 was established in 1904 as a shallow open ditch. Judicial Ditch No. 30 was established some 10 years later. It emptied into a ravine or gully, which in turn emptied into Ditch No. 2. The county board ordered the improvement of Ditch No. 2, and it further ordered that Ditch No. 30 pay the sum of $5,500 to the county for the benefit of Ditch No. 2, apparently on the theory that the land drained by Ditch No. 30 would be benefited by the improvement of Ditch No. 2. Martin County was not a petitioner for this improvement. Appeals were taken to the district court from the order of the county board by landowners whose lands were drained by Ditch No. 30. Martin County was not an appellant. The district court set aside the assessment against Ditch No. 30. Thereafter the attorney for the petitioners appeared before the Board of County Commissioners of Martin County, after which the following resolution was adopted:
"Mr. C.F. Gaarenstroom appeared before the County Board of Commissioners in connection with a proposed improvement to County Ditch #2 and Judicial Ditch #30, which is pending before the County Board. An Appeal was taken by certain land owners on Judicial Ditch #30 who were assessed for benefits in connection with the improvement to County Ditch #2, which serves as an outlet for Judicial Ditch #30. On Appeal, the District Court of Martin County, Minnesota, set aside the assessment and it was Mr. Gaarenstroom's idea to Appeal from the Court Order, Appealing to the Supreme Court *454 of Minnesota, from the Order of the District Court setting aside said assessments. A discussion was had relative to the matter, inasmuch, as Mr. Gaarenstroom preferred to Appeal so that Martin County, Minnesota, would appear as the appellants. The County Board felt that it was not the real party in interest, but did not have any objection to appearing as a nominal appellant in the proceeding, providing no responsibility or costs would be incurred by the County, regardless of the outcome of the Appeal to the Supreme Court. This was thoroughly discussed and Mr. Gaarenstroom agreed that in no event would any sota, would appear as the appellants. The County Board felt that it mind, a motion was duly made, seconded and unanimously carried adopting the following Resolution:
"RESOLVED, That the petitioners on the improvement to County Ditch #2, Martin County, Minnesota, which is pending before the Martin County Board of Commissioners, be permitted to Appeal to the Supreme Court of Minnesota, using the name of Martin County, Minnesota, as an appellant, on the condition that Martin County, Minnesota, will incur no obligation and no costs of any name or nature whatsoever.
"Duly passed and adopted this 16th day of June, 1958.
 "BOARD OF COMMISSIONERS
 MARTIN COUNTY, MINNESOTA
 "BY Henry Houfer, Chairman
"Attest: H.E. Christianson, County Auditor"
An appeal was thereafter taken to this court by Martin County from the order of the district court. No one else joined in this appeal. Respondents, who were the appellants in the district court, have now moved for a dismissal of the appeal here on the ground that Martin County has no right to appeal.
The right of appeal in a drainage proceeding is purely statutory. The provision governing such right in this proceeding is found in M.S.A. 106.631, subd. 5, which reads as follows:
"Any party aggrieved by a final order or judgment rendered on appeal to the district court, or by the order made in any judicial ditch proceeding dismissing the petition therefor or establishing or refusing *455 to establish any judicial ditch, may appeal therefrom to the supreme court in the manner provided in civil actions. Such appeal shall be made and perfected within 30 days after the filing of the order or entry of judgment. The notice of appeal shall be served on the clerk of the district court and need not be served on any other person."
In no sense can it be said that Martin County is an aggrieved party in this case.[1] Nor can it become an aggrieved party within the meaning of our statute by loaning its name to those who are aggrieved parties. The county was not an appellant to the district court, nor was it a party to that proceeding, and has no interest in the litigation. Its sole role in the proceeding has been that of the tribunal before which the initial determination was made.[2]
While Kirchoff v. Board of Co. Commrs. 189 Minn. 226, 248 N.W. 817, involves a school proceeding rather than a drainage proceeding, the role of the county board is the same and what we said there is equally applicable here. In that case, after the county board had acted on a petition to have land set off from one school district and attached to another by denying the petition, the petitioner appealed to the district court, and that court, after trial, reversed the order of the county board. The county board then moved for a new trial and thereafter appealed to this court. In dismissing the appeal, we said (189 Minn. 227, 248 N.W. 817):
"The county board, prosecuting this appeal, as far as the record shows, has no interest in the litigation and is not an aggrieved party. The board is the tribunal designated by statute to hear the petition and pass upon it in the first instance. The litigants are the petitioner and the school districts affected. A court or tribunal before whom a controversy is litigated has as such no appealable interest in the matter. And, while the county board represents the county in many matters in which the *456 county is interested, it does not appear that the county has any financial or other interest in this litigation, nor is the appeal taken by or in behalf of the county. Public boards and officers cannot appeal or sue out writs of error if they have no interest or are not aggrieved either in their official or individual capacity."
Appellant here argues that the appeal should not be dismissed because no objection was made to the use of the name of the county as appellant until this motion for dismissal was made[3] and that to permit an appeal by the county in a proceeding of this kind would avoid much confusion. Whatever merit there may be in such contentions is not for us to determine. If parties aggrieved by an order of the district court in a drainage proceeding are to be permitted to appeal in the name of the county when the county has no interest in the proceeding, that change will have to come from the legislature. As our statute now reads, it is clear that only those parties to the proceeding who are aggrieved by the order may appeal.
Appellant also argues that in In re Judicial Ditch No. 7, Martin and Faribault Counties, 238 Minn. 165, 56 N.W. (2d) 435, 57 N.W. (2d) 29, and In re Petition for Repair of County Ditch No. 1, Faribault County, 237 Minn. 358, 55 N.W. (2d) 308, the county appears as one of the parties. In both of those cases no question was raised as to the propriety of naming the county as one of the parties. However, the appeals were taken in the name of parties aggrieved by the decision of the district court, and the decisions in those cases are not authority for the proposition advanced by appellant here.
In this case, the right of the county to appeal has been squarely raised, and, inasmuch as it is clear that the county has no right of appeal, we have no choice but to dismiss the appeal.
It is so ordered.
NOTES
[1] As to who are aggrieved parties, see Anderson v. County of Meeker, 46 Minn. 237, 48 N.W. 1022; Singer v. Allied Factors, Inc. 216 Minn. 443, 13 N.W. (2d) 378; In re County Ditch No. 15, Chippewa County, 238 Minn. 15, 55 N.W. (2d) 305.
[2] For a similar argument, see Yockey v. Woodbury County, 130 Iowa 412, 106 N.W. 950.
[3] See, State ex rel. Kohler Contracting Co. v. Hansen, 140 Minn. 28, 167 N.W. 114.