# TOWN OF EAGAN, DAKOTA COUNTY, v. MINNESOTA MUNICIPAL COMMISSION.

130 N. W. (2d) 525.

August 28, 1964—No. 39,584.

*Joseph Robbie, Robert W. Johnson,* and *Terrance S. O'Toole,* for appellant.

*Luther M. Stalland,* for respondent.

*Grannis & Grannis, Vance B. Grannis, Jr.,* and *David L. Grannis, Jr.,* for intervenor town of Burnsville.

NELSON, JUSTICE.

The town of Eagan, Dakota County, moves to dismiss an appeal pending before this court.

On August 29, 1961, Wallace Day, Robert Pomije, Peggy McElwain, and John Metcalf filed a petition with the Municipal Commission pursuant to Minn. St. 414.02 for the incorporation of the town of Burnsville along its territorial boundaries. On May 7, 1964, the commission issued an order approving incorporation, and an incorporation election was held on June 16, 1964, wherein the incorporation was favor-

ably passed upon. Thereafter, on June 18, 1964, the commission issued an order of incorporation which included parts of Lebanon and Eagan townships as well as the whole town of Burnsville. The town of Eagan appealed the commission's order to the District Court of Dakota County, and on June 30, 1964, that court ordered judgment vacating part of the commission's order and remanding the matter to the commission for a further order in accordance with the judgment entered in the district court. The commission appeals from said order, and the town of Eagan has moved this court to dismiss the appeal on the ground that the commission has no statutory right of appeal.

Minn. St. 414.07 sets forth the grounds upon which an appeal may be taken to district court from an order of the Municipal Commission. As to appeals from the district court to the supreme court, § 414.07 provides:

"An appeal lies from the district court to the supreme court in accordance with the provisions of Minnesota Statutes, Chapter 605."

Minn. St. 1961, § 605.09, as amended by L. 1963, c. 806, § 8, provides:

"An appeal may be taken to the supreme court:

\* \* \* \* \*

"(g) \* \* \* from the final order or judgment affecting a substantial right made in a special proceeding \* \* \*."

Hence, if the commission is entitled to appeal from the order of the district court, it must be such as to affect a substantial right of the commission.

We do not think the order of the district court can be said to affect a substantial right of the commission. The proceedings before the commission were initiated pursuant to § 414.02 by the petition of four freeholders residing in the area sought to be incorporated. The commission was in no sense a litigant. It had no interest in the proceedings apart from its statutory duty to hear and pass upon the petition. In the absence of specific statutory authorization, a court or tribunal does not acquire an appealable interest simply by virtue of having acted upon a matter in a judicial or quasi-judicial capacity. In re Petition of Abel,

253 Minn. 452, 92 N. W. (2d) 800; Bricelyn School Dist. v. Board of Co. Commrs. 238 Minn. 63, 55 N. W. (2d) 602; Kirchoff v. Board of Co. Commrs. 189 Minn. 226, 248 N. W. 817. As pointed out in the Bricelyn case, a public official may attack the constitutionality of a statute when a general public interest is involved, but we do not have such a case before us.

The commission relies on In re Review of Status of Town of White Bear, 268 Minn. 383, 129 N. W. (2d) 560. In that case we considered the merits of an appeal by the commission; however, we neither discussed nor ruled on the commission's right to appeal. Furthermore, in that case the proceeding was initiated by the commission itself pursuant to Minn. St. 414.05 rather than by petition of some independent party as in the instant controversy. For these reasons the White Bear case is not controlling.

On the basis of the authorities cited above, the appeal by the commission is hereby dismissed.