## MINNESOTA WATER RESOURCES BOARD v. COUNTY OF TRAVERSE AND OTHERS.

177 N. W. (2d) 44.

May 8, 1970—No. 41786.

*Douglas M. Head,* Attorney General, *Richard Kyle,* Solicitor General, and *Donn D. Christensen,* Deputy Attorney General, for appellant.

*Wallace Jackson,* County Attorney, Lac qui Parle County, *H. W. Swenson,* and *Swenson & Nelson,* for respondents.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Theodore B. Knudson, JJ.

OTIS, JUSTICE.

This is an appeal by the Minnesota Water Resources Board from a decision of the District Court of Lac qui Parle County modifying the boundaries of the Upper Minnesota River Watershed District established by the board. Because we hold that the board does not have authority under the law of Minnesota to take this appeal and there are no other appellants we do not reach the merits of the controversy.

These proceedings were initiated by the commissioners of Big Stone County to establish a watershed district pursuant to Minn. St. c. 112. Hearings were conducted by the board on April 12 and July 14, 1967. On September 7, 1967, the board entered findings of fact, conclusions of law, and an order which established Upper Minnesota River Watershed District, comprising some 674 square miles in Lac qui Parle, Big Stone, Swift, Stevens, and Traverse Counties. Appeals to the district court from that order were taken by the commissioners of Traverse and Lac qui Parle Counties and by some 292 individual property owners. By stipulation, the proceedings in district court were conducted pursuant to Minn. St. 15.0424 and 15.0425 since the provision for appeals under the Watershed Act contained in Minn. St. 1961, § 112.792, was repealed by L. 1965, c. 873, § 3.

The District Court of Lac qui Parle County conducted a hearing on April 10, 1968, and rendered its decision on November 15, 1968. The trial court excluded from the Upper Minnesota River Watershed District portions of Lac qui Parle County, but otherwise approved and confirmed the board's order. The Water Resources Board has appealed that decision. The respondents are individual property owners and the Board of Commissioners of Lac qui Parle County.

It is the contention of respondents that the Water Resources Board is neither "aggrieved" nor a party with standing to appeal to this court under § 112.82 of the Watershed Act.[1] The board, on the other hand, relies on the provisions of the Administrative Procedures Act contained in §§ 15.0424, 15.0425, and 15.0426. Specifically, the board invokes the following language of § 15.0424, subd. 2(b):

"* * * The agency and all parties to the proceeding before it shall have the right to participate in the proceedings for review."

This provision the board construes to confer on it standing to participate in an appeal to the supreme court as well as in proceedings for review conducted by the district court. We do not read the statute so broadly. Section 15.0426 grants the right of appeal only to an "aggrieved party." It is significant that nowhere in the statute is there express authority for the Water Resources Board to perfect, or participate in, appeals from its own decisions. Whether it is an aggrieved party under either the Administrative Procedures Act or the Watershed Act depends, as we see it, on whether it is essentially an administrative agency of the state empowered to initiate proceedings within the sphere of its jurisdiction and to establish and implement policy on behalf of the state, or whether its functions are limited to resolving disputes between conflicting interests of other agencies, subdivisions of government, and individuals.

---

[1] Minn. St. 112.82, subd. 1, provides in part: "Any party aggrieved by a final order or judgment rendered on appeal to the district court or by the original order of the court made in any proceedings heard and tried before the court as in this chapter provided, may appeal therefrom to the supreme court in the manner provided in civil actions."

Minn. St. 15.0426 provides as follows: "An aggrieved party may secure a review of any final order or judgment of the district court under section 15.0424 or section 15.0425 by appeal to the supreme court. Such appeal shall be taken in the manner provided by law for appeals from orders or judgments of the district court in other civil cases."

Because the board has authority to establish watershed boundaries, and must apply scientific principles in so doing, it argues that it is something more than an arbiter. Respondents, on the other hand, point out that the board cannot initiate proceedings and has no power to supervise a watershed district once it is created. Both sides recognize the need for applying or distinguishing Town of Eagan v. Minnesota Municipal Comm. 269 Minn. 239, 130 N. W. (2d) 525. There, we held that the Minnesota Municipal Commission had no authority to appeal an order of the district court vacating part of the commission's order. We said the commission was not a litigant, had no interest in the proceedings except to pass on the petition before it, but was a quasi-judicial tribunal with no standing to appeal.[2] In Eagan, we cited Kirchoff v. Board of County Commrs. 189 Minn. 226, 248 N. W. 817, which dismissed an appeal by a county board whose decision in a school detachment proceeding had been reversed by the trial court. We noted that the litigants were the landowner and the school districts and that the board had no interest as an aggrieved party but merely acted as the tribunal before whom the petition was initiated for decision in the first instance. We reached a similar conclusion in In re Petition of Abel, 253 Minn. 452, 92 N. W. (2d) 800, with respect to the status of a county which appealed from an order in a ditch proceeding.[3]

Other courts have dealt with this problem in a variety of situations. Foster v. International Brotherhood of Teamsters, Chauffeurs, etc. 45 Pa. D. & C. 591, relating to a labor relations board;

---

[2] Decisions of the Municipal Commission which affect the public interest have now been made appealable by L. 1965, c. 834, § 1 (Minn. St 414.08).

[3] In Moede v. County of Stearns, 43 Minn. 312, 45 N. W. 435, Mr. Justice Mitchell noted that a court or judge is not a party aggrieved with standing to appeal in a review of its own decisions, but held that county commissioners were acting in a representative capacity and not a judicial one while appealing from a decision of the district court reversing the county board, in action taken by it with respect to creating or changing school districts.

Di Cillo & Sons v. Chester Zoning Bd. of Appeals, 158 Ohio St. 302, 109 N. E. (2d) 8, relating to a zoning board; Department of Labor and Industries v. Cook, 44 Wash. (2d) 671, 269 P. (2d) 962, relating to a workmen's compensation tribunal; and Muench v. Public Service Comm. 261 Wis. 492, 53 N. W. (2d) 514, 55 N. W. (2d) 40, relating to a public service commission.

In the Wisconsin case, the commission was called on to determine whether or not permission should be given to construct a dam for hydroelectric purposes. The attorney general, in seeking to intervene, was met with the argument that the commission itself represented the interests of the state. The Wisconsin Supreme Court pointed out that the application required a resolution of conflicting interests between those who would benefit from a power plant and those who were concerned with the preservation of the river for recreational purposes (261 Wis. 514, 53 N. W. [2d] 523):

"* * * To hold that the Public Service Commission should not only decide between these conflicting interests in its judicial capacity, but also should represent the state in protecting public rights, would make the commission both judge and advocate at the same time. Such a concept violates our sense of fair play and due process which we believe administrative agencies acting in a quasi-judicial capacity should ever observe."

A review of these and other authorities[4] leads us to the conclusion that the right of appeal depends largely on whether express provision is made in the particular statute involved. As we have previously indicated, where the language is broad as in § 112.82, subd. 1, relating to any "party aggrieved," the test

[4] 2 Cooper, State Administrative Law, p. 548; Davis, *Standing of a Public Official to Challenge Agency Decisions: A Unique Problem of State Administrative Law,* 16 Administrative L. Rev. 163; 3 Davis, Administrative Law Treatise, § 22.15; Jaffe, *Standing to Secure Judicial Review: Private Actions,* 75 Harv. L. Rev. 255, 295; Annotation, 117 A. L. R. 216; 2 Am. Jur. (2d) Administrative Law, § 774.

seems to be whether the agency is created to represent the interests of the public or whether it is to act only in deciding controversies between other entities of government or individual members of the public. With these principles in mind, we turn to the specific provisions of our law specifying the functions and duties of the Water Resources Board. Sections 105.71 to 105.79 and c. 112. By the terms of § 105.72, the board is designated as a forum where seeming contradictions in the water laws and conflicting aspects of public interest can be determined and resolved. Upon the petition of a state agency, an applicant or party in a proceeding before an agency, or a state court, the board shall conduct a hearing, determine questions of water policy, and make recommendations. §§ 105.75 to 105.77. Most significantly, the board has the power to subpoena witnesses, administer oaths, compel the production of records, and invoke the contempt powers of the district court for disobeying a subpoena. Witnesses must be sworn, the hearings are public, and a transcript of the proceedings is required. Hearings are conducted as far as practicable in the manner of civil actions. § 105.78. Finally, §§ 105.77 and 105.79 direct that the board draft and file in writing its findings and recommendation. Significantly, also, it may not act on its own initiative. Under the Watershed Act, which was the statute then governing these proceedings, the board could act only upon the filing of the nominating petition prescribed by Minn. St. 1965, § 112.37.

We have concluded that the procedures and responsibilities conferred on the Water Resources Board quite clearly partake of judicial functions rather than administrative functions. While it is true that the board's area of concern is devoted to matters which require special expertise in the science of water resources, and the board has the important responsibility of creating watershed districts and resolving conflicts of interest in the use and preservation of water resources, nevertheless its jurisdiction has to be invoked by other agencies, courts, or individuals. We are not persuaded that denying the board the right to appeal will

jeopardize the interests of the public. In the first place, all of the conflicting public concerns were thoroughly aired before the board, and before the district court, by the advocates of competing interests. These tribunals were not functioning in a vacuum. Furthermore, we are satisfied that the right of intervention by representatives of interested state agencies, conservation groups, and the office of the attorney general is sufficient safeguard to guarantee that the position of the Water Resources Board will be fully and vigorously presented whenever its decisions and recommendations are put in issue. Consequently, we have determined that the board is not an aggrieved party within the meaning of § 15.0426 or § 112.82, and the appeal is therefore dismissed.

Appeal dismissed.