IN RE BERTRAM GETSUG.
STATE BOARD OF REGISTRATION FOR
ARCHITECTS, ENGINEERS, AND LAND
SURVEYORS v. BERTRAM GETSUG.

186 N. W. (2d) 686.

April 16, 1971—No. 42239.

*Warren Spannaus,* Attorney General, and *Robert B. McCarthy* and *Sydney Berde,* Special Assistant Attorneys General, for appellant.

*Rosen, Ravich & Summers, William S. Rosen,* and *Philip W. Getts,* for respondent.

*MacLaughlin & Harstad* and *C. Blaine Harstad,* for Minnesota Society of Architects, amicus curiae.

Heard before Knutson, C. J., and Murphy, Peterson, Kelly, and Odden, JJ.

MURPHY, JUSTICE.

Appeal by the State Board of Registration for Architects, Engineers, and Land Surveyors from an order of the district court setting aside a decision of the board finding respondent

Bertram Getsug guilty of practicing the profession of architecture without being duly registered pursuant to the provisions of Minn. St. 326.02 to 326.16. Respondent has moved for a dismissal here on the ground that the board has no standing to appeal since it is not an "aggrieved party" within the meaning of § 15.0426, which permits appellate review of agency decisions.

Preliminary to discussion of the issue above stated it may be said that respondent is a qualified and board-registered engineer. The complaint, which was initiated by the St. Paul Chapter of the American Institute of Architects, asserts that he practiced his profession "in a manner which violates certain of the Rules and Regulations of the State Board." It appears that the work upon which the complaint was based included preparation of plans and specifications which complement and are related to those prepared by architects and that there is an overlapping or common area of work performed by members of both engineering and architectural professions on construction projects. The proof submitted in support of the complaint consisted of three sets of plans for structures. Respondent conceded that he prepared these plans but insisted that the scope of his work was encompassed within the definition of a professional engineer. § 326.02, subd. 3. It is not contended that he held himself out to be an architect, or advertised or solicited for business, or charged fees in that professional area. The proof in support of the complaint was limited to opinion evidence to the effect that the plans in question contained certain esthetic features which characterized them as architectural work. By its order, the board, without findings, concluded that respondent "has been found guilty of practicing architecture without being duly registered" and revoked his certificate of registration as an engineer.

The scope of review on appeal to the district court, pursuant to §§ 326.16 and 15.0424, subd. 1, is expressed in § 15.0425, which states:

"In any proceedings for judicial review by any court of deci-

sions of any agency as defined in Minnesota Statutes, Section 15.0411, Subdivision 2 * * * the court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the administrative finding, inferences, conclusion, or decisions are:

"(a)  In violation of constitutional provisions; or

"(b)  In excess of the statutory authority or jurisdiction of the agency; or

"(c)  Made upon unlawful procedure; or

"(d)  Affected by other error of law; or

"(e)  Unsupported by substantial evidence in view of the entire record as submitted; or

"(f)  Arbitrary or capricious."

We gather from the record that the trial court was of the view that the board's decision arrived at without findings was based upon a conclusion of board witnesses as to the unauthorized character of respondent's work. While he did not express precise reasons for doing so, it is obvious that the trial court believed that the decision of the board, in light of the entire record submitted, was unsupported by substantial evidence and, accordingly, granted respondent's motion to vacate and set aside the order.

It should be noted that in the proceedings before the district court the complainant, St. Paul Chapter of the American Institute of Architects, withdrew, or did not participate, and, of course, is not a party to this appeal. It should further be noted that while §§ 326.02 to 326.16 create the board and define its powers, they contain no provision for appeal by the board. The appeal to this court is governed by § 15.0426, which states:

"An aggrieved party may secure a review of any final order or judgment of the district court under section 15.0424 or section 15.0425 by appeal to the supreme court. Such appeal shall be taken in the manner provided by law for appeals from orders or judgments of the district court in other civil cases."

. In considering whether the board itself is an "aggrieved party" within the meaning of § 15.0426, it may be said that there is a line of authority which declares that administrative agencies have standing to appeal where they perform a policy-making function and represent a public interest in the proper enforcement of the law being administered and where the public, as well as private parties, has an interest in upholding the action of the agency. The decisions of our court, however, which follow the majority view, are to the effect that, where no statute provides otherwise, an agency which functions in a judicial or quasi-judicial capacity is without right to appeal since, in such a case, the agency is in no different position from a court or judge which has rendered the decision. Minnesota Water Resources Bd. v. County of Traverse, 287 Minn. 130, 177 N. W. (2d) 44; Town of Eagan v. Minnesota Municipal Comm. 269 Minn. 239, 130 N. W. (2d) 525; In re Petition of Abel, 253 Minn. 452, 92 N. W. (2d) 800; Kirchoff v. Board of Co. Commrs. 189 Minn. 226, 248 N. W. 817; Moede v. County of Stearns, 43 Minn. 312, 45 N. W. 435; 2 Cooper, State Administrative Law, p. 548; 2 Am. Jur. (2d) Administrative Law, § 774.

■ It has been held that an "aggrieved party" to whom the right of appeal is granted under a statute is one who is injuriously or adversely affected by the judgment or decree when it operates on his rights of property or bears directly upon his personal interest. The word "aggrieved" refers to a substantial grievance, a denial of some personal or property right, or the imposition on a party of a burden or obligation. Bowles v. Dannin, 62 R. I. 36, 2 A. (2d) 892; Kenney v. Hickey, 60 Nev. 187, 105 P. (2d) 192; Pierro v. Pierro, 434 Pa. 131, 252 A. (2d) 652; Greenfield v. Joint County School Comm. 271 Wis. 442, 73 N. W. (2d) 580; Milwaukee v. Milwaukee County School Comm. 8 Wis. (2d) 226, 99 N. W. (2d) 186; Kirchoff v. Board of Co. Commrs. *supra*; In re Petition of Abel, *supra*. In Town of Eagan v. Minnesota Municipal Comm. 269 Minn. 239, 240, 130 N. W. (2d) 525, 526, this court dismissed the commission's appeal saying:

"* * * The commission was in no sense a litigant. It had no interest in the proceedings apart from its statutory duty to hear and pass upon the petition. In the absence of specific statutory authorization, a court or tribunal does not acquire an appealable interest simply by virtue of having acted upon a matter in a judicial or quasi-judicial capacity."

Here, the board took evidence, considered questions of fact, and, without making findings, apparently concluded by applying the provisions of §§ 326.02 to 326.16 to the evidence presented that respondent had committed a violation of law. Under the circumstances, the board was not a party litigant to the action and under any reasonable definition of the term, within the context of §§ 326.16, 15.0424, and 15.0426, could not be considered as an "aggrieved party."

■ It is the board's contention that its action constituted an administrative function rather than a judicial function, and, therefore, since it acted on behalf of the public interest, it should have the right to appeal. We are not persuaded that the record before us compels this result. It has been held that it is a judicial function to hear a case pending between adverse parties, to apply the law to the facts, and to make and render a judgment determining the rights of the parties. Lyon v. City of Payette, 38 Idaho 705, 224 P. 793; City of Cincinnati v. Board of Education of City School Dist. of City of Cincinnati, 63 Ohio App. 549, 27 N. E. (2d) 413; School Dist. No. 23 of Dakota County v. School Dist. No. 11 of Dakota County, 181 Neb. 305, 148 N. W. (2d) 301.

It has been held that the state licensing boards exercise judicial functions in deciding that licensees have violated the license law and that they are no longer entitled to enjoy a license. Barry v. Little, 74 N. H. 319, 68 A. 40; Suckow v. Alderson, 182 Cal. 247, 187 P. 965.

It should be noted that the board's powers under § 326.06 are very similar to those discussed in Minnesota Water Resources Bd. v. County of Traverse, *supra*, where the acts of that board

were held to constitute judicial functions. Section 326.11, subd. 1, speaks in terms of a registrant being "found guilty by the board." Section 326.11, subd. 4, states:

"At the hearing the accused shall have the right to appear personally and by counsel, to cross-examine witnesses against him, and to produce evidence and witnesses in his defense. If, after said hearing, six or more members vote in favor of finding the accused guilty of any charge made against him, the board may revoke or suspend the certificate of registration of the accused."

Section 326.06 states:

"Each member of the board shall receive a certificate of appointment from the governor, and, before beginning his term of office, shall file with the secretary of state the constitutional oath of office. The board, or any committee thereof, shall be entitled to the services of the attorney general in connection with the affairs of the board, and the board shall have power to compel the attendance of witnesses, administer oaths, and take testimony and proofs concerning all matters within its jurisdiction. The board shall adopt and have an official seal, which shall be affixed to all certificates of registration granted; shall make all bylaws and rules, not inconsistent with law, needed in performing its duties; and shall fix standards for determining the qualifications of applicants for certificates, which shall not exceed the requirements contained in the curriculum of a recognized school of architecture or engineering."

It may be conceded that the board, in carrying out the powers delegated to it by §§ 326.02 to 326.16, may, in many situations, act in an administrative capacity in the public interest. We noted in Weatherston's Assoc. Services v. Minnesota Mutual Life Ins. Co. 257 Minn. 184, 189, 100 N. W. (2d) 819, 823, that the requirement for registration, § 326.02, is "founded upon sound public policy, having as its purpose the public health and welfare as well as the protection of the public against incompetence and

fraud." We further observed that "[t]he scope of the statute coincides with the reasons for its existence." 257 Minn. 192, 100 N. W. (2d) 825. While the board functions in the interests of the public in all instances, there are nevertheless circumstances where the inherent nature and quality of the authority it exercises involves a discretion which rises to the dignity and importance of a judicial act.[1] Here, in an adversary proceeding, the board, by its judgment, took away respondent's certificate of registration to practice his profession under circumstances where there was no claim of fraud, deceit, misrepresentation, or incompetence, nor was there any claim that he failed to adhere to the high standards set for an engineer or even for an architect. Since the board functioned in a judicial capacity, the question of appealability must be controlled by Minnesota Water Resources Bd. v. County of Traverse, *supra.*

Appeal dismissed.

---

[1] Webster's New International Dictionary (2 ed.) (1947) p. 1344, defines "judicial act" as: "An act involving the exercise of judicial power, that is, the power to hear and determine controversies or to determine a question of right or obligation."