MINNESOTA STATE BOARD OF HEALTH v.
GOVERNOR'S CERTIFICATE OF NEED APPEAL BOARD
AND OTHERS.
LYNGBLOMSTEN RETIREMENT CENTER
AND OTHERS, APPELLANTS.

230 N. W. 2d 176.

May 23, 1975—Nos. 45367, 45382, 45506, 45507.

*Danna, Hennings, Gilsdorf & Johnson, Charles A. Johnson,* and *John F. Gilsdorf,* for appellant Lyngblomsten Retirement Center.

*Maun, Hazel, Green, Hayes, Simon & Aretz, Jerome B. Simon,* and *James A. Gallagher,* for respondent Alliance Residence.

*Broeker & Bachman* and *Steven R. Hedges,* for appellants Harmony Nursing Homes and Rose of Sharon Manor.

*Warren Spannaus,* Attorney General, *Peter W. Sipkins,* Solicitor General, and *Richard A. Wexler,* Special Assistant Attorney General, for respondent Minnesota State Board of Health.

Heard before Sheran, C. J., and Todd, MacLaughlin, Yetka, and Scott, JJ., and considered and decided by the court en banc.

TODD, JUSTICE.

Four nursing homes appeal from judgments of the Ramsey

County District Court reversing decisions of a Certificate of Need Appeal Board (hereinafter the Appeal Board). The jurisdiction of the district court was invoked by the State Board of Health, which sought judicial review of decisions of the Appeal Board ordering the issuance of certificates of need. We hold that the State Board of Health does not have standing to bring an action in the district court and accordingly reverse.

In 1971, the Minnesota Legislature enacted Minn. St. 145.71 to 145.83, known as the Minnesota Certificate of Need Act. The act provides that, prior to any construction or modification of a health care facility, a certificate of need must be obtained from the State Board of Health. Certificate of need proposals are to be submitted initially to the Area Wide Comprehensive Health Planning Agency (ACHPA) serving the area in which the proposed construction is to take place. The designated ACHPA for the 7-county metropolitan area is the Metropolitan Council. After holding a public hearing on the application and conducting an investigation of the proposal's merits, the ACHPA is to submit its recommendations to the State Board of Health, along with detailed reasons in support thereof. The State Board of Health is to review the recommendations and either grant or deny the certificate of need. If the decision of the State Board of Health is contrary to the recommendations of the ACHPA, the board must accompany its decision with detailed reasons. If the State Board of Health denies the certificate of need, any aggrieved person may file a notice of appeal with the governor, who is to appoint a 3-member board to hear the appeal. That board is to proceed in accordance with the provisions of the Administrative Procedure Act, Minn. St. 15.01 to 15.41. Judicial review of the Appeal Board's decision may be invoked under § 15.0424 by "[a]ny person aggrieved by a final decision in a contested case of any agency * * *."

Although the procedural histories of these four cases are slightly different, for the purposes of this opinion they can be summarized as one. Each of the nursing homes submitted its ap-

plication for a certificate of need to the Metropolitan Council. The applications were then reviewed by several committees of the council and a public hearing was held on each by the Metropolitan Health Board. In all cases, the full Metropolitan Council, the designated ACHPA for the metropolitan area, voted to recommend to the State Board of Health that the certificates issue. The State Board of Health heard no additional evidence concerning the applications but acted solely on the record compiled by the Metropolitan Council. In each case, the State Board of Health denied the certificate of need, giving as its reason the alleged oversupply of nursing home beds in the metropolitan area. Appeals were taken to the governor's Certificate of Need Appeal Board, which ordered the State Board of Health to issue the certificates of need. The State Board of Health then appealed to the Ramsey County District Court to overturn the decisions of the Appeal Board and to reinstate the denials of the certificates of need. Jurisdiction of the district court was sought on the basis of Minn. St. 15.0424.[1] The district court determined that the State Board of Health had standing to seek judicial review of the Appeal Board's decision and held that the Appeal Board erred in reversing the decisions of the State Board of

---

[1] Minn. St. 15.0424, subd. 1, provides: "Any person aggrieved by a final decision in a contested case of any agency as defined in Minnesota Statutes, Section 15.0411, Subdivision 2 (including those agencies excluded from the definition of 'agency' in section 15.0411, subdivision 2, but excepting the tax court, the workmen's compensation commission sitting on workmen's compensation cases, the department of employment services, the director of mediation services, and the department of public service), whether such decision is affirmative or negative in form, is entitled to judicial review thereof, but nothing in this section shall be deemed to prevent resort to other means of review, redress, relief, or trial de novo provided by law now or hereafter enacted. The term 'final decision' as herein used shall not embrace a proposed or tentative decision until it has become the decision of the agency either by express approval or by the failure of an aggrieved person to file exceptions thereto within a prescribed time under the agency's rules."

Health. The nursing homes have appealed to this court, raising the following issues:

(1) Whether the district court had jurisdiction to consider the petition of the State Board of Health.

(2) Whether the district court erred in its interpretation of the Certificate of Need Act.

(3) Whether there was sufficient evidence to support the findings of the governor's Appeal Board.

(4) Whether the district court's interpretation of the Certificate of Need Act deprived appellants of due process.

(5) Whether the complaint of the State Board of Health presented a justiciable controversy within the purview of the Uniform Declaratory Judgment Act.

Because we hold that the district court lacked jurisdiction to consider the petition of the State Board of Health, we have no occasion to reach the other issues raised by appellants.

■ This court has never considered the precise question of whether an administrative agency can be an aggrieved person for the purpose of seeking judicial review under § 15.0424. However, in several cases,[2] we have discussed the standing of an administrative agency as an "aggrieved party" under § 15.0426 to appeal the decision of a lower court setting aside its determination.[3] In each of them, standing was found not to exist and the appeal was dismissed. The underlying theme running through all of these cases is that an administrative agency lacks

[2] See, e. g., In re Getsug, 290 Minn. 110, 186 N. W. 2d 686 (1971); Minnesota Water Resources Bd. v. County of Traverse, 287 Minn. 130, 177 N. W. 2d 44 (1970); Town of Eagan v. Minnesota Municipal Comm. 269 Minn. 239, 130 N. W. 2d 525 (1964). See, also, Kirchoff v. Board of County Commrs. 189 Minn. 226, 248 N. W. 817 (1933).

[3] Minn. St. 15.0426 provides: "An aggrieved party may secure a review of any final order or judgment of the district court under section 15.0424 or section 15.0425 by appeal to the supreme court. Such appeal shall be taken in the manner provided by law for appeals from orders or judgments of the district court in other civil cases."

standing to appeal where it functions in a judicial or quasi-judicial capacity. As we said in In re Getsug, 290 Minn. 110, 114, 186 N. W. 2d 686, 689 (1971):

"In considering whether the board itself is an 'aggrieved party' within the meaning of § 15.0426, it may be said that there is a line of authority which declares that administrative agencies have standing to appeal where they perform a policy-making function and represent a public interest in the proper enforcement of the law being administered and where the public, as well as private parties, has an interest in upholding the action of the agency. The decisions of our court, however, which follow the majority view, are to the effect that, where no statute provides otherwise, an agency which functions in a judicial or quasi-judicial capacity is without right to appeal since, in such a case, the agency is in no different position from a court or judge which has rendered the decision."

■ In determining whether an agency functions in an administrative or quasi-judicial capacity, no hard-and-fast rules can be set forth. Rather, it is necessary in each instance to examine the nature and quality of the action taken. A frequently used test is to see whether the function under consideration involves the exercise of discretion *and* requires notice and hearing. If these elements are present, the "finding" is considered a quasi-judicial act. City of Englewood v. Daily, 158 Colo. 356, 407 P. 2d 325 (1965). We have said that it is a judicial function to hear a case pending between adverse parties, to apply the law to the facts, and to make and render a judgment determining the rights of the parties. In re Getsug, *supra*. We have also said that the test of whether an agency is a "party aggrieved" is whether the agency is created to represent the interests of the public or whether it is to act only in deciding controversies between other entities of government or individual members of the public. It is significant, in this respect, whether the agency may act on its own initiative or must wait for parties to appear before it. Minnesota

Water Resources Bd. v. County of Traverse, 287 Minn. 130, 177 N. W. 2d 44 (1970).

In the instant case, the nature and quality of the authority exercised by the State Board of Health are such as to clothe that authority with the dignity and importance of a judicial act. It is the State Board of Health which is statutorily empowered to grant or deny all certificates of need; yet, it is provided with no guidelines for reaching its decision.[4] Moreover, the decision of the State Board can only be rendered after all interested parties are given notice of the application proceeding and an opportunity to be heard regarding it. While it is the ACHPA and not the board which conducts the actual public hearing and receives evidence, the board reviews the record before reaching its determination. Were the board to act without considering the proceedings before the ACHPA, significant due process questions would be presented.

In addition, the State Board cannot act on its own initiative in certificate of need matters, but functions only on the application of a party. Although there is often no public opposition to a particular certificate of need application, the board is still in the position of deciding a controversy between adverse parties in that the ACHPA and the State Board itself conduct investigations and make recommendations which may reflect adversely on the petition. Should the ACHPA make findings and recommendations which the applicant opposes, the State Board would be in the position of deciding a controversy between adverse parties. In all cases, the State Board applies the law to the facts and renders a judgment determining substantial rights of the appli-

---

[4] Professor Clark C. Havighurst, in commenting on the various state certificate of need statutes, concluded that "[b]ecause [certificate of need agencies] act without clear criteria and without the need to reveal the true grounds for actions taken, the certificate-of-need agencies exercise largely discretionary powers." Havighurst, *Regulation of Health Facilities and Services by "Certificate of Need,"* 59 Va. L. Rev. 1143, 1177.

cant. Such activity cannot be described as administrative or ministerial but rather is judicial in nature.

■ We also note that the State Board of Health's decision on a certificate of need application is subject to review by a specially created unit of the executive branch. The Certificate of Need Appeal Board is statutorily designated to act as the final administrative authority on certificate of need applications.[5] Thus, it occupies the highest position in the administrative decisional process. It would be inappropriate to permit a challenge to the Appeal Board's decision by an inferior administrative agency such as the State Board of Health. In Mortensen v. Pyramid Sav. & Loan Assn. 53 Wis. 2d 81, 191 N. W. 2d 730 (1971), the commissioner of savings and loan sought judicial review of a decision by the savings and loan review board reversing the commissioner's denial of an application for permission to establish a branch office. The supreme court held that the commissioner lacked standing to appeal to the circuit court because he was not an aggrieved person. The court stated (53 Wis. 2d 83, 191 N. W. 2d 731):

"* * * The trial court held, and we think correctly so, that the commissioner of savings and loan is not a person aggrieved and is not directly affected within the meaning of sec. 227.16(1).

"The basic reason for this interpretation of the statute is that the commissioner of savings and loan is a part of the decisional process of the savings and loan department and his decision only initially determines the issue in the administrative proceeding.

[5] Minn. St. 145.81 provides: "Any person aggrieved by an order of the state board of health denying a certificate of need may, within 30 days of such action, appeal in accordance with this section. Notice of appeal and the reasons therefor shall be filed with the governor, who shall appoint a board to hear the appeal. The board shall be composed of three consumers of health services, at least two of whom shall reside outside the area from which the appeal is made, who shall serve without compensation. The board shall proceed in accordance with the provisions of Minnesota Statutes 1969, Chapter 15."

An administrative officer is not a party for the purposes of seeking a review of a reversal of his determination by a board of appeals. See 2 Am. Jur. 2d, Administrative Law, p. 177, sec. 368. It is stated in 2 Am. Jur. 2d, Administrative Law, p. 397, sec. 576, 'An administrative officer who made an original decision which was appealed to a higher administrative authority was held to have no interest as a party which would entitle him to appeal from the overruling of his decision.' To the same effect is 73 C. J. S., Public Administrative Bodies and Procedures, p. 497, sec. 159; Mills Unemployment Compensation Case (1949), 362 Pa. 342, 67 Atl. 2d 114. Unless the statute expressly so provides, an aggrieved party is one outside the decisional process who is directly affected."

■ Without specific statutory authority, an administrative agency such as the State Board of Health, after making a quasi-judicial determination which is appealed to a higher administrative authority, has no interest as a "person aggrieved" so as to entitle it to appeal from an overruling of its decision.

Reversed.