**CITY OF ST. PAUL, Appellant,**

v.

**Karsten WINGER, Respondent.**

**No. C6-84-2067.**

Court of Appeals of Minnesota.

June 4, 1985.

Edward P. Starr, City Atty., Paul F. McCloskey, Asst. City Atty., St. Paul, for appellant.

Mark W. Gehan, Jr., St. Paul, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and FOLEY and CRIPPEN, JJ.

## OPINION

NIERENGARTEN, Presiding Judge.

Appellant City of St. Paul appeals from a Writ of Mandamus ordering the City to reinstate respondent Karsten Winger as a lieutenant in the St. Paul Police Department effective December 1, 1983, and an order denying the City's motion for a new trial. We affirm in part and reverse in part.

## FACTS

On appeal, the parties agreed to a statement of the record pursuant to Minn.R.Civ. App.P. 110.04.

Karsten Winger was a sergeant in the St. Paul Police Department when he was promoted by the chief of police to the rank of lieutenant for a one-year probationary period. At the end of that period, the chief returned Winger to the rank of sergeant.

Winger, a veteran as defined by Minn. Stat. § 43A.11 (1984), appealed to the St. Paul Civil Service Commission, invoking his right to a hearing based on state statutes and civil service rules concerning veterans' preference.

The commission concluded there was no evidence of poor job performance and ordered that Winger be certified as lieutenant effective December 1, 1983.

The City appealed to the Ramsey County District Court pursuant to a Writ of Certiorari issued pursuant to Minn.Stat. ch. 606 (1984). The parties stipulated as to the record of the proceedings of the commission. The sole issue before the trial court was:

> Does the St. Paul Civil Service Commission have the power to order the certification of [Winger]?

Winger's counsel informed the City of his intent to seek attorneys' fees pursuant to Minn.Stat. § 549.21 (1984) for representing the commission because the city's counsel, by acting in a manner hostile to his client (the commission), "in effect," forced Winger's counsel to represent the interests of the commission.

The trial court discharged the Writ of Certiorari, concluded that the commission had jurisdiction to order the certification of Winger, ordered the issuance of a Writ of Mandamus requiring the chief of police to comply with the commission's order and awarded attorneys' fees subject to a subsequent evidentiary hearing as to their reasonableness.

The City then moved for a new trial. The trial court denied the motion and issued supplementary findings more specifically addressing the stipulated issue. It also ordered the City to pay $3,858.15 in attorneys' fees.

## ISSUES

1. Does the St. Paul Civil Service Commission have the authority to order the certification of Winger?

2. Did the trial court err by awarding attorneys' fees to Winger?

## ANALYSIS

### I

The City of St. Paul argues the commission does not have the authority to order the certification of Winger as a police lieutenant.

As a veteran, Winger was entitled to a hearing.

Any person whose rights may be in any way prejudiced contrary to any of the provisions of this section, shall be entitled to a writ of mandamus to remedy the wrong. *No person holding a position by appointment or employment* in the several counties, cities, towns, school districts and all other political subdivisions in the state, *who is a veteran* separated from the military service under honorable conditions, *shall be removed* from such position or employment *except for incompetency or misconduct shown after a hearing,* upon due notice, upon stated charges, in writing.

\* \* \* \* \* \*

In all governmental subdivisions having an established civil service board or commission, or merit system authority, *such hearing* for removal or discharge *shall be held before such civil service board or commission* or merit system authority.

Minn.Stat. § 197.46 (1984) (emphasis added). No Minnesota cases address the issue of a termination of a probational promotional appointment. If the City sought to discharge Winger, however, Winger would be clearly entitled to a hearing since his probationary status does not affect his right to a hearing. *State ex rel. Sprague v. Heise,* 243 Minn. 367, 371, 67 N.W.2d 907, 910 (1954).

The language of section 197.46 applies to a person who has a position by "appointment." Winger's promotion to lieutenant was an appointment. Additionally, Winger, as a veteran, is entitled to a veteran's preference pursuant to section 43A.11, whether that preference is for an entry level position or not. This status brings Winger within the purview of section 197.46 and Civil Service Rule 10.

Rule 10 provides in pertinent part:

A. The probationary period shall be one year for all original and promotion appointees and employees who have been transferred at their own request or reinstated after resigning in the \* \* \* police and fire units \* \* \*. *If the probationer is entitled to veterans' preference in* accordance with the Veterans' Preference Act of the State of Minnesota, *he/she shall be entitled to a hearing* as required by said Act and in accordance with Section 16 of these rules.

\* \* \* \* \* \*

C. If any probationer on fair test shall be found incompetent or unqualified to perform the duties of the position to which he/she has been certified or transferred, the appointing officer shall report such fact in writing to the Personnel Office and may, with the consent of the Civil Service Commission and for reasons specifically stated in writing and filed with the Personnel Office, discharge, reduce, or in the case of the transferee, return to his/her former position said probationer at any time during the probationary period; except that *if the probationer is entitled to veterans' preference* in accordance with the Veterans' Preference Act of the State of Minnesota, *he/she shall be entitled to a hearing* as required by said Act and in accordance with Section 16 of these Rules.

D. If a promotional or a transferee probationer is found unsatisfactory because he/she is incompetent or unqualified to perform the duties of the position to which he/she had been certified or transferred, he/she shall be reinstated to his/her former position or to a position to which he/she might have been transferred prior to such promotion; except that *if the probationer is entitled to veterans' preference* in accordance with the Veterans' Preference Act of the State of Minnesota, *he shall be entitled to a hearing* as required by said Act and in accordance with Section 18 [sic] of these Rules.

(Emphasis added). Each subdivision sets forth the veteran's right to a hearing. Rule 16.C provides that an "employee may appeal the appointing officer's action before the Civil Service Commission" and that the Commission shall have the power to reinstate the employee "[i]f the evidence does not support the action of the appointing officer \* \* \*." Rule 16, itself, is an independent basis for a right to a hearing.

Rule 16 is not limited to non-probationary employees.   •

The City argues Rule 10 is inconsistent with Minn.Stat. §§ 197.455 and 197.46 and, therefore, void.  Section 43A.11 (1984) provides:

> Subd. 3.  **Nondisabled veteran's credit.** There shall be added to the competitive open examination rating of a nondisabled veteran, if he so elects, a credit of five points provided that the veteran obtained a passing rating on the examination without the addition of the credit points.

*Id.* Section 197.455 provides that any rule or regulation contrary to section 43A.11 "is void to the extent of such inconsistency." Minn.Stat. § 197.455 (1984).

■ Rule 10 does not regulate the awarding of preference in hiring or promotional examinations and is not, therefore, inconsistent with section 43A.11.  Rule 10 only affords a person entitled to a veteran's preference a right to a hearing.  This is not inconsistent to the right to five points on an examination.  The rights are cumulative, not inconsistent.

## II

The trial court awarded Winger's counsel attorneys' fees based on the theory that the city attorney's office was confronted with a conflict of interest by representing the City instead of the commission.  It is argued that such conflict forced Winger's counsel to represent the interests of the Civil Service Commission on appeal.

■ There is no evidence that the commission formally retained Winger's counsel to represent the commission's interests. The commission was a tribunal to which Winger brought his appeal.  It was not a party needing representation on appeal but, instead, a quasi-judicial body.  Both Rule 10 and section 197.46 refer to a right to a hearing *before* the commission.

> [A]n agency which functions in a judicial or quasi-judicial capacity is * * * in no different position from a court or judge which has rendered the decision.

*In re Getsug,* 290 Minn. 110, 114, 186 N.W.2d 686, 689 (1971).  The court also stated:

> It has been held that it is a judicial function to hear a case pending between adverse parties, to apply the law to the facts, and to make and render a judgment determining the rights of the parties.

*Id.* at 115, 186 N.W.2d at 689–90; *see also Minnesota Department of Highways v. Minnesota Department of Human Rights,* 308 Minn. 158, 163–64, 241 N.W.2d 310, 314, *cert. denied,* 429 U.S. 863, 97 S.Ct. 168, 50 L.Ed.2d 141 (1976).

■ Additionally, Winger sought attorneys' fees pursuant to section 549.21, which provides in part:

> Upon motion of a party, the court in its discretion may award to that party * * * reasonable attorney fees * * * if the party or attorney against whom * * * reasonable attorney * * * fees are charged acted in bad faith; asserted a claim or defense knowing it to be frivolous; asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; or committed a fraud upon the court.

Minn.Stat. § 549.21 (1984).  There is no evidence to suggest the City appealed to the district court in bad faith or solely to delay the proceedings.  Any other grounds for attorneys' fees are not authorized by section 549.21.  The award to Winger for attorneys' fees for representing the interests of the Commission was an abuse of discretion.

## DECISION

The trial court's conclusion that the St. Paul Civil Service Commission had the authority to order the certification of Winger is affirmed.

On the issue of attorneys' fees, however, we conclude the trial court abused its discretion.

Affirmed in part, reversed in part.