In the Matter of William G. ELAM.

No. CO–86–1095.

Court of Appeals of Minnesota.

Sept. 23, 1986.

Ronald L. Thorsett, Minneapolis, for William Elam.

Thomas L. Johnson, Hennepin Co. Atty., Rick Osborne, Asst. Co. Atty., Minneapolis, for the County.

Heard, considered and decided by POPO-VICH, C.J., and SEDGWICK and NIER-ENGARTEN, JJ.

## OPINION

SEDGWICK, Judge.

Appellant was referred for commitment in March 1986 after the criminal division of the trial court found him incapable of understanding pending criminal proceedings and participating in his own defense. Appellant was initially committed as mentally ill and dangerous. The trial court subsequently concluded appellant is not mentally ill and dismissed his commitment. Appellant seeks review of that order. We dismiss the appeal.

## FACTS

Appellant is a 42–year old man with a 20–year history of dozens of criminal charges for assault, disorderly conduct, and breach of the peace. The majority of these incidents, including a 1974 assault upon a police officer, occurred in the same precinct. Appellant's most recent contact with police arose from burglary and assault upon a former girlfriend.

After an evaluation of appellant's competency, the trial court found appellant incapable of understanding the criminal proceedings and participating in his own defense. A petition was filed to commit appellant as a mentally ill or mentally ill and dangerous person. *See* Minn.R.Crim.P. 20.01, subd. 4(2)(a) (1984).

Carl Schwartz, a psychiatrist with over 30 years' experience, concluded appellant was not mentally ill or in need of involuntary treatment. As a result, the county attorney would not seek appellant's commitment. Appellant asked that *he* be allowed to establish by clear and convincing evidence, that he was mentally ill and in need of commitment. The trial court granted appellant's request. Following a hearing, the trial court made an initial finding of mental illness and committed the appellant as a mentally ill and dangerous person.

A written treatment report was filed with the committing court by the Minnesota Security Hospital as required by statute. The hospital recommended dismissal of commitment, concluding appellant was not mentally ill. The trial court ordered a review hearing and admitted the treatment report over appellant's objections. Appellant was granted a continuance to gather evidence to oppose the treatment report. After further testimony the trial court issued its June 6 order dismissing appellant's commitment. This appeal is from that order.

## ISSUES

1. Is appellant an "aggrieved party" entitled to review of the June 6 order dismissing his commitment?

2. Was the treatment report properly admitted?

3. Does the evidence support the trial court's finding that appellant is not mentally ill?

## ANALYSIS

■ 1. Any "aggrieved party" may seek review of an order entered under the commitment act. Minn.Stat. § 253B.23, subd. 7 (1984). A party is "aggrieved" if that party is substantially affected or actually injured by a judgment or order which bears directly upon a legitimate personal interest. *Snyder's Drug Stores, Inc. v. Minn. State Bd. of Pharmacy*, 301 Minn. 28, 32, 221 N.W.2d 162, 165 (1974), *In re Getsug*, 290 Minn. 110, 114, 186 N.W.2d 686, 689 (1971).

■ The Minnesota Commitment Act defines the procedures to be employed when the state seeks to confine chemically dependent, mentally retarded, and mentally ill individuals. "The Act is the result of a gradual reform process designed to strengthen the due process accorded those subject to commitment procedures." Janus & Wolfson, *The Minnesota Commitment Act of 1982: Summary and Analysis*, 6 Hamline L.Rev. 41, 42 (1983). Commitment may be ordered only when there is no less restrictive reasonable alternative, such as dismissal of the petition or voluntary treatment. *See* Minn.Stat. §§ 253B.04, subd. 1, 253B.09, subd. 1 (1984). Even when an individual is mentally ill, they may not constitutionally be confined "involuntarily if they are dangerous to no one and can live safely in freedom." *O'Connor v. Donaldson*, 422 U.S. 563, 575, 95 S.Ct. 2486, 2493, 45 L.Ed.2d 396 (1975).

■ Once a patient is committed or institutionalized he has the right to receive care and treatment with the goal of rendering further custody, institutionalization, and other services unnecessary. Minn. Stat. § 253B.03, subd. 7 (1984). The focus of the Act is clearly to commit only those persons for whom involuntary care and treatment is necessary and to treat those patients so as to prepare them for release. There is no *right* to be committed; an individual seeking treatment may always seek it on a voluntary basis. The trial court's order dismissing appellant's commitment and finding he is not mentally ill does not affect appellant's rights; it limits the state's power to subject appellant to involuntary commitment and treatment. We conclude no right of appellant was adversely affected and he therefore has no standing to appeal.

■ 2. Within 60 days from the initial commitment of an individual as a mentally ill and dangerous person, the treating facility must file a written treatment report. Minn.Stat. § 253B.18, subd. 2 (1984). The committing court must promptly hold a hearing to determine whether "the patient continues to be mentally ill and dangerous[.]" *Id.*, subds. 2 and 3. Appellant argues the trial court erred by admitting the treatment report. We disagree. The report *must* "be filed with the committing court within 60 days after commitment." *Id.*, subd. 2. It clearly constitutes a public record of a state hospital regarding observations made pursuant to a statutory duty, and required by law to be reported to the trial court. *See* Minn.R.Evid. 803(8) (1984); *Murray v. Antell*, 361 N.W.2d 466, 469 (Minn.Ct.App.1985). Further, after appellant received the report, he was afforded a continuance to obtain witnesses and prepare evidence. The record of the review hearing does not reflect any attempt by petitioner to call, for cross-examination, any treating personnel from the security hospital.

■ 3. Appellant argues the testimony of psychiatrist Dennis Philander compelled a finding he remains mentally ill.

We will not disturb the factual findings of the trial court unless they are clearly erroneous, giving due regard to the trial court's opportunity to judge the credibility of the witnesses. Minn.R.Civ.P. 52.01 (Supp.1985). Although Philander believed appellant was mentally ill, he also testified appellant is competent, he understands his legal situation and is capable of participating in his own defense. Philander agreed that appellant likely has a personality disorder, which is not mental illness as defined by statute. Philander described appellant as malingering and fabricating symptoms to avoid prison.

The uniform opinion of treatment personnel at the security hospital is that appellant is not mentally ill. Appellant's argument that the trial court should have given greater credence to the opinions of Dr. Philander goes to credibility and we will not disturb the trial court's finding.

## DECISION

Appellant is not entitled to review of an order dismissing his commitment. The trial court did not err by admitting the security hospital treatment report or by finding that appellant is not mentally ill.

Appeal dismissed.