**In re the Matter of Genevieve ENGEL, Alleged Mentally Ill.**

**No. CX–86–1802.**

Court of Appeals of Minnesota.

Jan. 27, 1987.

Lawrence W. Frank, Estebo, Schnobrich, Frank & Hauschild, Ltd., Redwood Falls, for appellant Walter Engel.

Spencer H. Kvam, Wagemaker Law Office, Olivia, for respondent Genevieve Engel.

Thomas J. Simmons, Renville Co. Atty., Olivia, for respondent Renville County Human Services and Welfare Department.

Heard, considered and decided by POPOVICH, C.J., and PARKER and LESLIE, JJ.

## MEMORANDUM OPINION

PARKER, Judge.

Genevieve Engel was committed to the Willmar Regional Treatment Center (WRTC) in 1984, and in 1986 Renville County brought a petition for her continued commitment. The trial court discharged the commitment, concluding that continued involuntary commitment was unnecessary because the less restrictive alternative of voluntary admission to a nursing home was adequate. The patient's husband appeals.

## DECISION

Genevieve Engel is 72 years old. She suffers from Alzheimer's disease, with a corresponding loss of almost all short-term memory and substantial impairment of her long-term memory. For the past two years, she has been treated at WRTC, a State hospital. Experts, including her treating physician, the court-appointed examiner, and a licensed consulting psychologist, testified that Genevieve Engel can no longer be helped through treatment at WRTC and now requires only nursing and personal care assistance, which can be provided by a nursing home.

The trial court concluded that involuntary commitment to WRTC was unnecessary and the less restrictive alternative of admission to a nursing home was more appropriate. The patient's husband argues that commitment should have been continued so his wife can remain where she has been cared for during the past two years.

Any "aggrieved party" may appeal from an order in commitment proceedings. Minn.Stat. § 253B.23, subd. 7 (1986). While all patients have the right to continuity in care, Minn.Stat. § 144.651, subd. 11 (1986), "there is no *right* to be committed[.]" *In re Elam*, 393 N.W.2d 391, 393 (Minn.Ct.App.1986). An order discharging commitment does not affect the patient's right to treatment, because treatment may be obtained on a voluntary basis; it only limits the power of the State to subject the patient to involuntary institutionalization and treatment. *Id.*

Genevieve Engel is not aggrieved by the discharge of her commitment and she has no right to appellate review. We sympathize with and commend the efforts of Walter Engel to care for and protect his ill and aging wife, but he has no right to contest the termination of her commitment.

Appeal dismissed.