MANKATO AGLIME & ROCK
COMPANY, INC., et al.,
Appellants,

v.

The CITY OF MANKATO, Leonard Le-
vine, Commissioner of Transportation,
et al., and Crane Creek Asphalt, Inc.,
intervenor, Respondents.

No. C6–88–1655.

Court of Appeals of Minnesota.

Jan. 17, 1989.

K. Craig Wildfang, Wm. Christopher Penwell, Anthony J. Gleekel, Grossman, Karlins, Siegel, Brill, Greupner & Duffy, Minneapolis, Gerald L. Maschka, Kenneth R. White, Farrish, Johnson & Maschka, Mankato, for Mankato Aglime & Rock Co., Inc., et al.

Michael McCauley, City Atty., Mankato, for The City of Mankato.

Hubert H. Humphrey, III, Atty. Gen., Donald J. Mueting, Asst. Atty. Gen., William A. Caldwell, Sp. Asst. Atty. Gen., St. Paul, for Leonard Levine, Com'r of Transportation, et al.

John M. Riedy, Howard F. Haugh, McLean Peterson Law Firm, Chartered, Mankato, for Crane Creek Asphalt, Inc.

Heard, considered and decided by CRIPPEN, P.J., and BOWEN * and STONE,* JJ.

## OPINION

BRUCE C. STONE, Judge.

Appeal from a grant of summary judgment to respondents upholding an order from the Department of Transportation which denied appellants standing to compel contested case proceedings involving the debarment of certain competing companies.

### FACTS

On March 8, 1988, respondent Commissioner of Transportation (the Commission-

er) ordered the suspension and proposed the debarment of Lundin Construction Co., Inc., its general manager Larry Nurre, its president and majority shareholder Richard Lundin (hereinafter defendants) and their affiliated companies. The suspension disallowed the parties from contracting, subcontracting, or supplying materials or services to respondent Minnesota Department of Transportation (MN/DOT). The suspension was for 60 days and the proposed debarment was for two years. The proposed debarment was based on defendants' conviction of a federal contract crime occurring between August 30, 1979 and December 14, 1984.

The Commissioner served notice of the proposed debarment and notice of opportunity of hearing to defendants and their affiliated companies. MN/DOT and the affiliated companies began negotiations to resolve their contested cases.

On March 12, 1988, appellant Road Construction, Inc. received notice from MN/DOT stating that the affiliated companies had been suspended from all MN/DOT contracts until May 7, 1988, and bidders were responsible for not subcontracting with suspended companies. After notification, Road Construction submitted a bid to respondent City of Mankato (Mankato) for a street improvement project. Road Construction did not use bids from any of defendants' affiliated companies.

Prior to awarding the contract, Mankato received copies of a stipulation and order from MN/DOT lifting the suspension of the affiliated companies. The April 7, 1988 order stipulated that defendants would place their interests in the affiliated companies in trust for two years and would pledge to exercise no control over the affiliates for that time period. The affiliates were debarred for two years, but the imposition of debarment was stayed on condition all terms of the settlement were followed.

Subsequent to the order, intervenor Crane Creek Asphalt, Inc. (Crane Creek), an affiliated company, submitted a bid to

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

Mankato on the street improvement project. Crane Creek was the lowest bidder, and Mankato granted it the project.

Appellants sued for declaratory and injunctive relief to enjoin the April 7, 1988 order; to compel a formal contested case hearing on the debarments; and to enjoin Mankato from awarding the contract to Crane Creek. The trial court granted appellants' motion and issued a temporary restraining order (TRO). Mankato was enjoined from granting the contract to Crane Creek and the Commissioner was enjoined from effectuating the April 7, 1988 order.

On April 21, 1988, appellants moved for a temporary injunction to compel MN/DOT to commence a contested case hearing and to enjoin the stay of the debarments. The trial court dissolved the TRO, denied appellants' motion for a temporary injunction, and found that Mankato would suffer irreparable harm if it did not proceed with the project. The trial court also held that the Commissioner had properly disposed of the debarment matter and that appellants had no standing to contest the debarment of the affiliated companies.

On June 7, 1988, both appellants and the Commissioner moved for summary judgment. The Commissioner's motion was granted. The trial court held that appellants were not entitled to compel a contested case hearing before the term of debarment was imposed or stayed; the Commissioner acted within his authority to conditionally stay the debarments; and Mankato properly awarded the project to Crane Creek.

Appellants appeal from the order for summary judgment. Appellants request the Commissioner's April 7, 1988 order be vacated and the debarment matters be remanded for a contested case hearing.

## ISSUES

1. Did the trial court err in denying appellants standing to compel a contested case proceeding on the proposed debarments?

2. Are appellants aggrieved persons entitled to seek judicial review of the Commissioner's April 7, 1988 order?

3. Did the Commissioner exceed his authority by resolving the debarment matters by informal negotiations?

## ANALYSIS

### Standard of Review

On appeal from a summary judgment, it is the function of this court only to determine (1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979).

### I.

A contested case is a proceeding in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing. Minn.Stat. § 14.02, subd. 3 (1988). A "party" is each person named as a party by the agency in the notice of and order for hearing, or persons granted permission to intervene. Minn.R. 1400.-5100, subpt. 7 (1987). A petitioner may be allowed to intervene as a party, with all the rights of a party, upon a proper showing of how the petitioner's legal rights, duties, or privileges may be determined or affected by the contested case. Minn.R. 1400.6200, subpt. 1 (1987).

Appellants claim they have standing to compel a contested case proceeding on the proposed debarment of the affiliated companies. They believe their ability to compete was affected by the proposed debarments. Appellants argue that their competitive interests are within those sought to be protected by the debarment statutes, and gives them the right to intervene in a contested case hearing.

A person has standing if they can show an interest arguably among those intended to be protected by the applicable statute. *Twin Ports Convalescent, Inc. v. Minnesota State Board of Health*, 257

N.W.2d 343, 346 (Minn.1977). The applicable debarment rule provides:

> A business must be debarred by the Minnesota Department of Transportation when one or more of the grounds set forth in part 1230.3200 are established at a hearing or opportunity for [a] hearing conducted under Minnesota Statutes, chapter 14.

Minn.R. 1230.3400, subpt. 1 (1987). The Administrative Procedures Act itself does not provide a right to a contested case hearing. *Cable Communications Board v. Nor–West Cable Communications Partnership*, 356 N.W.2d 658, 665 (Minn.1984).

We conclude from the language of the statute that the purpose of the rule is to protect the due process rights of the debarred company, not the interests of business competitors. Here, the affiliated companies were properly given an opportunity for a hearing. There is no debarment rule which mandates the Commissioner to conduct a debarment hearing for the benefit of businesses not subject to the debarment.

We hold that appellants do not have standing to compel a contested case hearing. Appellants were not named as parties by the agency in the notice of and opportunity for a hearing, nor were they granted permission to intervene. Appellants were neither suspended, nor subject to a debarment. Furthermore, there are no statutory provisions requiring a public or contested case hearing. Therefore, appellants are not entitled to compel a contested case hearing on the debarment of the affiliated companies.

## II.

■ Any person aggrieved by a final decision in a contested case is entitled to judicial review of the decision. Minn.Stat. § 14.63 (1988). A person who is injuriously or adversely affected by a judgment when it operates on his rights of property or bears directly upon his personal interest, is "aggrieved" for the purposes of an appeal. *In the Matter of the Implementation of Utility Energy Conservation Improvement Programs*, 368 N.W.2d 308, 311 (Minn.Ct.App.1985).

Appellants argue they have standing to seek judicial review of the Commissioner's April 7, 1988 order, because they are taxpayers that have been adversely affected by the decision. Appellants claim they have standing to challenge the unlawful expenditure of tax monies, and also to challenge any illegal conduct by a public official. *See McKee v. Likins*, 261 N.W.2d 566, 571 (Minn.1977).

■ Although the Commissioner's order of April 7, 1988 is subject to judicial review, appellants do not have standing to seek such a review. Appellants are not "aggrieved" parties. The Commissioner's order does not operate on appellants' property rights, nor does it bear directly on their personal interests. A debarment disqualifies a potential bidder from contracting for public work. We hold that appellants have no protectable interest in their competitors' debarment.

## III.

■ A business must be debarred upon conviction of the business, or a principal of the business, for commission of a contract crime. Minn.R. 1230.3200, subpt. 1 (1987). A person who has been convicted of a contract crime which occurred after June 30, 1985, must be debarred "for a period of not less than one year." Minn.Stat. § 161.315, subd. 5 (1988). Richard Lundin and Larry Nurre were principals in the affiliated companies when they were convicted of a federal contract crime occurring between August 30, 1979 and December 14, 1984. The Commissioner debarred the affiliates but the imposition of debarment was stayed based on a stipulation and agreement negotiated by the parties.

Appellants contend that the Commissioner's order was arbitrary and capricious. *See In the Matter of Whitehead*, 399 N.W. 2d 226, 229 (Minn.Ct.App.1987) (an agency's decision is arbitrary and capricious when it represents the agency's will and not its judgment). Appellants claim an informal disposition was inappropriate here, and that the Commissioner erred in not making any findings of fact and conclu-

sions based on the record. *See* Minn.Stat. § 14.62, subd. 1 (1988) (every decision and order in a contested case shall be based on the record and include findings of fact and conclusions). Appellants believe a contested case hearing should be held in order to develop a full record.

A contested case is required by law where a party has a property or liberty interest at stake, or if the administrative rules mandate it. Minn.Stat. § 14.02, subd. 3. The debarment statute only requires a hearing or notice of an opportunity for a hearing. Minn.Stat. § 14.58 (1988); Minn. R. 1230.3400, subpt. 1. The statute also requires a one year minimum debarment period for convictions of contract crimes occurring after June 30, 1985. Minn.Stat. § 161.315, subd. 5.

Under the Administrative Procedures Act parties may resolve their disputes by informal settlement, a disposition which is encouraged by the courts. *See Gould v. Johnson,* 379 N.W.2d 643, 646 (Minn.Ct. App.1986), *pet. for rev. denied* (Minn. March 14, 1986). An informal disposition may be made of any contested case or any issue therein by stipulation or agreed settlement, at any point in the proceedings. Minn.R. 1400.5900 (1987).

Here, there is no statute or rule giving appellants the right to demand a contested case hearing. The Commissioner met all the statutory procedures for an informal disposition. The debarred parties received notice of the proposed debarment, they were given an opportunity for a hearing, and they agreed among themselves to settle informally by stipulation. We hold that there was no abuse of discretion by the Commissioner in resolving the debarment matters by informal negotiation. Furthermore, since defendants were convicted of contract crimes occurring between 1979 and 1984, the one year minimum debarment period does not apply in this case. No charges were brought for contract crimes occurring after June 30, 1985.

Lastly, when the City of Mankato awarded the contract to Crane Creek, Crane Creek had neither been suspended nor debarred. Mankato must contract with the lowest responsible bidder. *See generally* Minn.Stat. § 471.345 (1988). Therefore, based on the status of Crane Creek at the time the contract was granted, and the fact it was the lowest bidder, the contract was properly awarded to Crane Creek.

## DECISION

The trial court did not err in granting respondents summary judgment. Appellants do not have standing to compel a contested case proceeding on the proposed debarments. Appellants are not aggrieved persons entitled to seek judicial review of the Commissioner's April 7, 1988 order. The Commissioner did not exceed his authority by resolving the debarment matters through informal negotiations. The City of Mankato did not abuse its discretion in awarding a contract to Crane Creek.

AFFIRMED.