In the Matter of the Joint Petition of **ROCHESTER EXPRESS LIMOUSINE SERVICE, INC. as (Transferor); and Rochester Direct Corp., as (Transferee); for Order Authorizing & Approving Transfer of Certificate of Public Convenience & Necessity as a Regular Route Common Carrier of Passengers held by Transferor.**

No. CX–93–1091.

Court of Appeals of Minnesota.

Nov. 23, 1993.

Hubert H. Humphrey, III, Atty. Gen., Anu Seam, Asst. Atty. Gen., St. Paul, for respondent Minnesota Transp. Regulation Bd.

Andrew R. Clark, Kalina, Wills, Woods, Gisvold & Clark, Minneapolis, for respondent Rochester Exp. Limousine Service, Inc.

Curtis M. Wiseman, Balyk & Wiseman, St. Paul, for respondent Rochester Direct Corp.

Daniel J. Moulton, Steven Hardy, Moulton Law Offices, Rochester, for relators.

Considered and decided by HUSPENI, P.J., and SHORT and FOLEY, JJ.*

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

HUSPENI, Judge.

Relators challenge the Minnesota Transportation Regulation Board's decision denying them intervention in transfer proceedings between Rochester Express Limousine Service and Rochester Direct Corporation. We affirm.

## FACTS

Respondents Rochester Express Limousine Service, Inc. (Rochester Express) and Rochester Direct Corporation (Rochester Direct) filed a joint petition with the Minnesota Transportation Regulation Board (Board) seeking approval of the transfer of a regular route common carrier certificate and a courier services permit. A competing carrier filed a protest, and the case was referred to a contested hearing pursuant to Minn.Stat. § 174A.02, subd. 4 (1992).

Rochester Express subsequently attempted to withdraw the petition to transfer authority. Rochester Direct sued for breach of contract and prevailed in its lawsuit. This court affirmed the result, which was denied further review by the Minnesota Supreme Court. The contested transfer hearing resumed before an Administrative Law Judge (ALJ).

Relators, creditors of Rochester Express, attempted to intervene in the contested proceeding. The ALJ recommended granting the intervention and continuing the case indefinitely. The motions were then certified to the Board. The Board denied relators' petition to intervene and conditionally approved the transfer, subject to Rochester Express obtaining a tax clearance certificate from the commissioner of revenue.

Rochester Express filed for Chapter 11 bankruptcy in February 1993, and the parties stipulated to a stay in the proceedings. The bankruptcy court lifted the stay one month later at the request of Rochester Direct. Relators at the time had an appeal pending before this court, but the appeal was dismissed because there had not yet been a final decision in the case. The Board issued its final order on May 25, 1993, and this appeal followed.

## ISSUE

Is the Minnesota Transportation Regulation Board required to protect the interests of creditors when determining whether to grant the transfer of either a regular route common carrier certificate or a courier services permit?

## ANALYSIS

A reviewing court may reverse or modify an agency's decision if the decision is

(a) In violation of constitutional provisions; or

(b) In excess of the statutory authority or jurisdiction of the agency; or

(c) Made upon unlawful procedure; or

(d) Affected by other error of law; or

(e) Unsupported by substantial evidence in view of the entire record as submitted; or

(f) Arbitrary or capricious.

Minn.Stat. § 14.69 (1992). Agency decisions enjoy a presumption of correctness. *Crookston Cattle Co. v. Minnesota Dep't of Natural Resources,* 300 N.W.2d 769, 777 (Minn. 1980). But this court is not bound by the agency's interpretation of a statute. *In re Hibbing Taconite Co.,* 431 N.W.2d 885, 890 (Minn.App.1988). An agency decision is entitled to some deference if the meaning of the statute is doubtful. *Krumm v. R.A. Nadeau Co.,* 276 N.W.2d 641, 644 (Minn.1979).

A petitioner may be allowed to intervene in a contested case proceeding, with all the rights of a party, upon a proper showing of how the petitioner's legal rights, duties, or privileges may be determined or affected by the contested case. Minn.R. 1400.6200, subpt. 1 (1991). Relators pursued party status in this case for the purpose of their financial protection. A person has standing "if they can show an interest arguably among those intended to be protected by the applicable statute." *Mankato Aglime & Rock Co. v. City of Mankato,* 434 N.W.2d 490, 492 (Minn.App.1989). Relators argue that Minn. Stat. §§ 221.081 and 221.151 seek to protect creditors' financial interests, and that, therefore, the Board erred in denying relators' petition to intervene. We disagree.

 In order to transfer a regular route common carrier certificate, the proposed seller and buyer must

> file a joint petition with the commissioner, setting forth * * * a statement of all outstanding claims of creditors which are directly attributable to the operations conducted under said certificate.

Minn.Stat. § 221.081 (1992); *see also* Minn. Stat. § 221.151, subd. 1 (1992) (governing the transfer of a courier services permit). The Board may grant the permit or certificate if

> it appears to the board * * * from the contents of the petition * * * and from the department's records, files and investigation that the approval of the sale or lease of the permit *will not adversely affect the rights of the users of the service and will not have an adverse effect on any other competing carriers.*

*Id.* (emphasis added).

Contrary to relators' contention, the requirement of the statutes that the parties provide a statement of all outstanding claims of creditors does not compel the Board to protect the interests of these private creditors when determining whether to grant the transfer of authority. The Board's purpose is to provide the public with adequate and reliable transportation service. Minn.Stat. § 174A.02 (1992). Provided with a list of creditors, as well as with a financial statement with a balance sheet and income statement, the Board is better able to assess the risk involved in the sale and the effect of the transfer on the public.

 The statutes require that the Board, when approving a sale or lease of a certificate, assure that the rights of the users of the service and those of competing carriers not be adversely affected. We cannot interpret the statutes as prohibiting the Board from approving the transfer of authority if creditors' interests are adversely affected. *See Maytag Co. v. Commissioner of Taxation,* 218 Minn. 460, 463, 17 N.W.2d 37, 40 (1944) (where a statute specifies persons or things to be affected by its provisions, others are implicitly excluded). We conclude that while the creditors may, indeed, have reme-

dies available to them, they must pursue those remedies in a different forum.

Because we conclude that the Board properly denied relators' petition to intervene in this matter, we do not reach the issues of whether the Board's approval of the transfer of authority was proper, nor the issue of whether the Board erred in not continuing the proceedings indefinitely until a tax clearance certificate from the commissioner of revenue was issued. Relators do not have standing to seek review of those issues. *See* Minn.Stat. § 14.63 (1992) (any person aggrieved by a final decision in a contested case is entitled to review of the decision).

### DECISION

The Board's decision denying relators' petition to intervene in the contested case proceeding was not arbitrary or capricious.

**Affirmed.**