In The Matter of the Trust Created
by Louis W. HILL on December
27, 1934.

No. CX–93–698.

Court of Appeals of Minnesota.

Dec. 7, 1993.

Review Denied Feb. 1, 1994.

Eric J. Magnuson, James L. Forman, Karen Imus Johnson, Rider, Bennett, Egan & Arundel, Minneapolis, for appellants Louis Fors Hill and Louis W. Hill, Jr.

John C. Johanneson, Maun & Simon, St. Paul, for respondents Irving Clark and Sheila ffolliott.

John E. Harris, Bonnie M. Fleming, Faegre & Benson, Minneapolis, for respondents W. John Driscoll and Northwest Area Foundation.

Considered and decided by ANDERSON, C.J., and DAVIES and STONE,* JJ.

## OPINION

ANDERSON, Judge.

Appellants Louis W. Hill, Jr. and Louis Fors Hill challenge the district court's order allowing amendment of the Northwest Area Foundation articles of incorporation. Appel-

* Retired judge of the district court, acting as judge of the Minnesota Court of Appeals by appoint-

lant Louis Fors Hill also contends the district court erred by concluding that he lacked standing to object to the amendment of the articles of incorporation. We reverse.

## FACTS

The subject of this action is a charitable trust created in 1934 by Louis W. Hill, Sr. The sole assets of the trust are ten shares of capital stock of respondent Northwest Area Foundation (Foundation), which represent all of the corporation's outstanding stock. The current trustees are respondents W. John Driscoll, Irving Clark, Sheila ffolliott, and appellant Louis W. Hill, Jr. Appellant Louis Fors Hill is the grandson of Louis W. Hill, Sr. and a former trustee.

In 1934, Louis W. Hill, Sr. established a philanthropic foundation called the Lexington Foundation, now known as the Northwest Area Foundation. Pursuant to a deed of trust dated December 27, 1934, Louis W. Hill, Sr. transferred all of the Foundation's outstanding stock to a trust. The deed of trust contains the following provision regarding the appointment of trustees:

> There shall at all times be not less than three (3) trustees nor more than five (5), and after the death or resignation of [Louis W. Hill, Sr.] as one of said trustees there shall be at all times at least five (5) trustees. Such trustees shall be appointed by the court having jurisdiction of the administration of said trust, and it is the desire of the trustor that the court appoint such persons as trustees as will promote the management of the Foundation and the serving of broad public uses. It is not the desire of the trustor that the trustees shall be in effect self-perpetuating, but this shall not be construed to militate against reappointment of trustees nor consideration of suggestions made by them.

After Louis W. Hill, Sr.'s death in 1948, the Second Judicial District assumed jurisdiction over the trust and took over the appointment of trustees.

ment pursuant to Minn. Const. art. VI, § 10.

The deed of trust provides a multi-level administrative structure for the Foundation. The district court appoints the trustees. The trustees annually elect the Foundation's Board of Directors. The Board is responsible for determining the Foundation's policy and program and for hiring staff to implement the program. Currently the Foundation employs a professional staff of 11 people to manage its business affairs.

In 1992, respondents petitioned the district court for an order amending the Foundation's articles of incorporation. Respondents proposed in part that (1) successor trustees be nominated to the court by a four-member nominating committee consisting of two of the five trustees and two directors of the Foundation; (2) the nominating committee be appointed by the trustees; (3) the directors of the Foundation appointed to the nominating committee not be trustees or descendants of Louis W. Hill, Sr. or spouses of such descendants; (4) the committee not nominate any person for trustee who has attained the age of seventy or has been elected to three consecutive three-year terms; and (5) persons serving as Foundation directors not be eligible to be nominated as a trustee if the person's appointment would result in more than two trustees also serving as directors.[1]

Under the terms of the proposed amendment to the Foundation's articles of incorporation, both Louis Fors Hill and Louis W. Hill, Jr., as descendants of Louis W. Hill, Sr., could be excluded from the nominating committee if either one was a director of the Foundation. Louis Fors Hill filed a reply petition and cross-petition objecting to the amendment. Louis W. Hill, Jr. did not appear or participate in the proceeding. He argues that as an interested party he was entitled to notice of the hearing and that he did not receive notice. The attorney general was notified of a hearing that was scheduled on the matter, but did not appear or participate in the proceeding.

The district court determined Louis Fors Hill lacked standing to participate in the proceeding and dismissed his petitions. The court found the proposed nominating procedure was consistent with the purpose of the trust and allowed the amendment with one modification. The court required "the deletion of any language restricting descendants of [Louis W. Hill, Sr.] or spouses of such descendants from membership on the nominating committee." The court also stated

---

1. Respondents requested that the articles of incorporation be amended to include the following language with respect to the trustee nomination procedure:

The Deed of Trust provides that trustees shall be appointed by the court having jurisdiction of the administration of the trust. In order to promote the management of the Foundation and the serving of broad public uses, the trustees shall from time to time petition the court to request the court's appointment of persons as trustees who shall be nominated in accordance with the following procedure:

1. A nominating committee consisting of four (4) persons shall be appointed by the trustees. Two (2) members of the nominating committee shall be members of the Board of Directors of the Foundation who are neither (a) trustees nor (b) descendants of [Louis W. Hill, Sr.] or spouses of such descendants, and two (2) members of the nominating committee shall be trustees. The nominating committee shall submit to the trustees a list of names and qualifications of persons who will promote the management of the Foundation and the serving of broad public purposes in the region in which the Foundation provides benefits. The number of persons identified in the list of names shall be at least equal to the number of vacancies in

the trustees to be filled, but a greater number of persons may be named in the list if the nominating committee chooses to do so. All actions of the nominating committee shall require the affirmative vote of at least three members of the committee.

2. The trustees shall submit nominees to the court from among the persons identified in the list of names submitted by the nominating committee.

3. Persons who have attained the age of seventy (70) years shall not be eligible for appointment as trustees and shall not be nominated as such.

4. No person serving as a director of this corporation shall be nominated or appointed as a trustee if, as a result of his or her appointment as a trustee, there would be more than two (2) trustees also serving as directors of this corporation.

5. No person shall be elected to serve more than three (3) consecutive three-year terms as a trustee except that a person who has not attained age seventy (70) on or before December 31, 1992 and who is serving as a trustee on that date may, after that date, be elected to serve up to three (3) consecutive three-year terms, notwithstanding such person's prior years of service as a trustee.

that the "nominating procedure is not intended to change in any manner the discretion placed upon the district court by the deed of trust."

Louis W. Hill, Jr. and Louis Fors Hill appealed the district court's decision. Respondents moved to dismiss Louis W. Hill, Jr.'s appeal on the grounds he did not appear before the district court. Louis W. Hill, Jr. argued that he did not appear because he did not receive proper notice of the hearing. Respondents also argued that a conservatorship precluded Louis W. Hill, Jr. from bringing an appeal on his own behalf. This court denied the motion to dismiss based on respondents' failure to prove that dismissal was warranted, but did not make a final determination on the notice issue or the conservatorship issue.

## ISSUES

I. Did Louis Fors Hill have standing to object to respondents' petition in the district court?

II. Did the trial court err in allowing the amendment of the Foundation's articles of incorporation?

## ANALYSIS

### I.

*Standing*

Louis Fors Hill contends that the district court erred by concluding he did not have standing to participate in the proceedings. We agree and reverse.

"Standing is a jurisdictional question to be determined by this court." *In re Implementation of Util. Energy Conservation Improvement Programs,* 368 N.W.2d 308, 312 (Minn.App.1985).

> [T]he fundamental aspect of standing is that it *focuses on the party* seeking to get his complaint before a * * * court and *not on the issues* he wishes to have adjudicated.

*Sundberg v. Abbott,* 423 N.W.2d 686, 689 (Minn.App.1988) (emphasis and alteration in original) (quoting *Flast v. Cohen,* 392 U.S. 83, 99, 88 S.Ct. 1942, 1952, 20 L.Ed.2d 947 (1968)).

> The essential question is "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."

*Id.* (quoting *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975)).

██ The attorney general is usually the proper party to enforce a charitable trust. *Schaeffer v. Newberry,* 227 Minn. 259, 261, 35 N.W.2d 287, 288 (1948) (citing Restatement of Trusts § 391; 2 George G. Bogert, *Trusts & Trustees,* § 411 (1935)); *see also* Minn. Stat. § 501B.31, subd. 5 (1992) (attorney general shall represent the beneficial interests in cases involving charitable trusts arising under section 501B.31 and shall enforce affected trusts); Minn.Stat. § 501B.41 (1992) (attorney general is proper party to participate in proceedings involving charitable trusts). Because the attorney general is responsible for representing the public interest, members of the public who may benefit from the enforcement of a charitable trust usually have "no special interest" in the trust entitling them to sue. *Longcor v. City of Red Wing,* 206 Minn. 627, 635, 289 N.W. 570, 574 (1940).

██ In addition to the attorney general, however, the legislature has granted standing to participate in a charitable trust proceeding to a "person interested in the trust." Minn.Stat. § 501B.16 (1992). Whether a person has a sufficient interest to give him standing under the statute must, to some extent, depend on the circumstances of the case. *Cf. Utility Users League v. Federal Power Comm'n,* 394 F.2d 16, 19 (7th Cir. 1968) (whether action had sufficient detrimental effect to confer standing as "aggrieved party" under federal statute depended on specific circumstances of individual case), *cited in Implementation of Util. Energy Conservation,* 368 N.W.2d at 312.

██ In resolving the issue of standing, we must do so in view of the specific facts in this case. The trustees who participated in the proceeding unanimously sought amendment of the Foundation's articles of incorporation.

After receiving notice, the attorney general elected not to participate in the proceedings. Louis W. Hill, Jr. did not appear. He claims he did not receive notice of the hearing. Louis Fors Hill appeared, but the district court denied him standing.

Under the terms of the proposed amendment to the Foundation's articles of incorporation, Louis Fors Hill, as a descendant of Louis W. Hill, Sr., was a member of a class of persons adversely affected by the amendment. The proposed amendment specifically excluded descendants of Louis W. Hill, Sr. who were Foundation directors from serving on the nominating committee. When the court denied standing to Louis Fors Hill, there was no party to the proceeding to represent the interests of Louis W. Hill, Sr.'s descendants. Further, when the attorney general did not appear, there was no party to the proceeding who claimed to represent the public interest in having any trust modification meet statutory criteria. *See* Minn.Stat. § 501B.31 (1992) (listing criteria for modifying administration of a charitable trust).

■ When the attorney general does not appear to represent the interest of trust beneficiaries, other courts have granted standing to members of the public in order to protect the public interest. *See Kapiolani Park Preservation Soc'y v. Honolulu,* 69 Haw. 569, 751 P.2d 1022, 1025 (1988) (when attorney general failed to enforce charitable trust, court allowed park preservation society to do so in order to avoid leaving public without any recourse in the courts); *see also Schaeffer,* 227 Minn. at 262, 35 N.W.2d at 288 (leaving open question of who would be authorized to participate in an action involving charitable trust if attorney general failed to do so). As a former trustee and a Louis W. Hill, Sr. descendant, Louis Fors Hill is in a position to understand the purpose and operation of the trust. Given the absence of a party to protect the public interest and Louis Fors Hill's status as a former trustee and as Louis W. Hill, Sr.'s descendant, we hold Louis Fors Hill had a sufficient interest in the trust to give him standing under Minn. Stat. § 501B.16.

Because we conclude Louis Fors Hill had standing to participate in the district court proceeding and this appeal, we need not reach the issue of Louis W. Hill, Jr.'s standing to appeal.

## II.

### *Modification of Trust Instrument*

■ A district court's decision to modify a charitable trust will not be reversed absent an abuse of discretion. *See First Trust Co. v. Union Depot Place Ltd.,* 476 N.W.2d 178, 183–84 (Minn.App.1991) (abuse of discretion standard applied to determine whether district court acted properly in exercising its equitable authority to protect trust's beneficiaries), *pet. for rev. denied* (Minn. Dec. 13, 1991). A charitable trust may be modified by the court if the method of administration is incomplete or imperfectly expressed or if changed circumstances have made a literal compliance with the terms of the trust instrument "impracticable, inexpedient, or impossible." Minn.Stat. § 501B.31. But the court does not have the authority to modify or deviate from the provisions of that trust where there is no compelling reason to do so.

When a charitable trust is modified, the district court must ensure that the trust is administered in a way that "will, as nearly as possible, accomplish the general purposes of the instrument and the object and intention of the donor." *Id.* An amendment to a charitable trust must meet the requirements of section 501B.31. *See* George G. Bogert & George T. Bogert, *The Law of Trusts & Trustees,* § 561 (2d ed. 1980) (court may not change administration of trust if administration achieves settlor's objectives and is not impractical or inexpedient).