GAYLE'S MARINA CORP., Petitioner,

v.

MINNEHAHA CREEK WATERSHED
DISTRICT, Respondent.

No. C0-89-2262.

Court of Appeals of Minnesota.

Feb. 27, 1990.
Review Granted April 4, 1990.

Steven Christenson, Dorsey & Whitney, Minneapolis, for petitioner.

Louis Smith, Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, for respondent.

Considered at Special Term and decided by WOZNIAK, C.J., and RANDALL and SCHUMACHER, JJ.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

Petitioner is a commercial marina on Lake Minnetonka. The marina sought an amended dredging permit from respondent watershed district. The board of managers of the district denied the request. The marina appealed the denial of the amended permit to the district court. The district court ruled that Minn.Stat. § 112.801, subd. 1 (1988) does not allow an appeal from the managers' decision on a permit application. The marina seeks a writ of mandamus to compel the district court to review the decision of the watershed district.

## DECISION

Mandamus will lie to compel a trial court to assume jurisdiction. *McLean Distributing Co. v. Brewery & Beverage Drivers Local No. 993*, 254 Minn. 204, 209–11, 94 N.W.2d 514, 518–19 *cert. denied*, 360 U.S. 917, 79 S.Ct. 1436, 3 L.Ed.2d 1534 (1959).

Minn.Stat. § 112.801, subd. 1 allows a party to appeal, to the district court or to the Minnesota Water Resources Board, from an order of a watershed district which determines any of the following:

    (1) The amount of benefits determined;

    (2) the amount of damages allowed;

(3) the allowance of fees or expenses in any proceedings;

(4) a matter that affects a substantial right; or

(5) an order of the managers authorizing or refusing to establish a project and improvement in whole or in part.

The district court ruled that the statute authorizes an appeal only if the watershed district's decision relates to a project or improvement to be funded by assessment upon benefitted properties. We do not believe the legislature intended to so limit the right to appeal.

█ District courts have traditionally reviewed watershed district permit decisions, and this court has reviewed district court decisions on these matters without expressing concern over jurisdiction. *Love v. Burlington Northern, Inc.*, 407 N.W.2d 452 (Minn.Ct.App.1987). While the mere existence of opinions which do not comment on jurisdiction is not persuasive upon the issue of appealability, *Chapman v. Dorsey*, 230 Minn. 279, 288, 41 N.W.2d 438, 443 (1950), we clarify today that such permitting decisions are appealable as a matter of right.

█ The district court focused upon "projects and improvements," and it is clear that decisions regarding the benefits of, and assessments for, projects and improvements *are* subject to review by the district court or the Minnesota Water Resources Board. *In re Appeal of Holasek*, 436 N.W.2d 483 (Minn.Ct.App.1989). However, a watershed district may also authorize certain types of work by issuing permits, rather than through the petition process necessary to initiate a project or improvement. *Love*, 407 N.W.2d at 454; *see also* Minn.Stat. § 112.88, subd. 1 (fee for permits). The statute does not explicitly limit appeal rights to decisions affecting "projects and improvements."

The Department of Natural Resources (DNR) has general authority to issue permits to regulate dredging in public waters and to regulate water levels, Minn.Stat. § 105.42, subds. 1, 1a (1988), but it must seek the input of local watershed districts in doing so, Minn.Stat. § 105.44, and it frequently delegates permitting authority to watershed districts. If the DNR had issued a restricted work permit for work in public waters, its decision would be subject to appellate review by certiorari under the Administrative Procedures Act (APA). *In re Excavation of Erickson Lake*, 392 N.W.2d 636 (Minn.Ct.App.1986). Since the watershed district is acting in an analogous capacity in regulating improvements in public waters, the statutory right to appeal from an order "that affects a substantial right" must be read to provide an analogous right to appeal.

The district court looked to the general policy objectives behind the watershed act. *See* Minn.Stat. § 112.34, subd. 1. It is appropriate to look to the purposes of chapter 112 in reviewing decisions made under the act. *City of North St. Paul v. Minnesota Water Resources Board*, 260 N.W.2d 584 (Minn.1977). One of the stated objectives of the act is to insure "provident use of natural resources." Minn.Stat. § 112.34, subd. 1. This policy objective is furthered by controlling dredging by riparian landowners such as the marina in this case. One of the specific functions of watershed districts is to "regulate improvements by riparian landowners of the beds * * * of lakes * * * by permit or otherwise to preserve them for beneficial use." Minn.Stat. § 112.36, subd. 2(11). The district has presented no compelling argument that its decisions in furtherance of this policy are not subject to review.

█ Although watershed districts may initiate projects or improvements, one of their main functions is to control development which may have an impact upon public waters. A watershed district may be established even if only one of the fourteen purposes listed in section 112.36 will be furthered. *City of North St. Paul*, 260 N.W.2d at 587; *see also Markwardt v. Minnesota Water Resources Board*, 254 N.W.2d 371 (Minn.1977). Similarly, the regulation of dredging may further only one of the purposes listed in section 112.36, but the district court erred in holding that issuance of a restricted permit did not further the policy objectives of the statute. The district is specifically authorized to is-

sue permits, and this court has recognized that the issuance of permits is not limited to major projects or improvements.

■ Finally, we believe there is support by analogy for allowing review of permit decisions. If an appeal is taken to the Minnesota Water Resources Board (instead of to the district court), all proceedings before the board are governed by the Administrative Procedures Act. Minn.Stat. § 112.801, subd. 8. The board acts as a quasi-judicial tribunal. *Minnesota Water Resources Board v. Traverse County,* 287 Minn. 130, 177 N.W.2d 44 (1970). Appeals from the board to this court are then governed by certiorari procedures applicable to final decisions in administrative contested case proceedings. *Waters v. Putnam,* 289 Minn. 165, 183 N.W.2d 545 (1971). Since the APA governs procedures on appeal to the Water Resources Board, and the APA would allow review of a DNR decision on a permit application, we conclude the principles of the APA apply to the issue of appealability. These principles compel our conclusion, that the district's permitting decision in this case constitutes the determination of "a matter that affects a substantial right." It is, therefore, appealable to the district court.

Writ of mandamus issued.