**MINNEHAHA CREEK WATERSHED DISTRICT, Appellant,**

v.

**GAYLE'S MARINA CORPORATION, Respondent.**

No. C0–89–2262.

Supreme Court of Minnesota.

Oct. 19, 1990.

Louis P. Smith, Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, for appellant.

Warren Spannaus, Steven M. Christensen, Dorsey & Whitney, Minneapolis, for respondent.

KEITH, Justice.

This case presents the question of how an aggrieved party may obtain review of a permit decision by the managers of a watershed district. Specifically, we are asked to decide whether the review procedures of the Watershed Act, Minn.Stat. § 112.801 (1988), *recodified as amended at* Minn. Stat. § 103D.535 (1990),[1] apply to watershed district permit decisions.

I

Gayle's Marina Corporation, a family-owned marina on Lake Minnetonka, requested a permit amendment in July 1989 from the Minnehaha Creek Watershed District, to allow it to dredge to an elevation of

---

1. In 1990, the Minnesota legislature "recodif[ied], clarif[ied], and relocat[ed] provisions relating to water law" including the provisions of chapter 112 involved in this case. Act of April 6, 1990, ch. 391, 1990 Minn.Laws 354.

The legislature did not intend to alter the meaning of Minn.Stat. § 112.801 (1988), or any other of the water law provisions involved. Act of April 6, 1990, ch. 391, art. 10, § 1, 1990 Minn. Laws 750.

921.6 feet instead of 924.0 feet as authorized by its existing permit. Drought conditions since 1986, which resulted in low water levels on Lake Minnetonka, left half of the marina's boat slips unusable and threatened the survival of the marina's business. The marina needed the permit amendment "to provide a pathway for the barge to accomplish the dredging of the site" to the elevation of 924.0 feet which was authorized by the existing permit. The marina's dredging equipment could not clear the lake bottom during attempts to dredge to the approved depth.

At a July 14, 1989 meeting of the district managers, the watershed district took no action on the marina's request to dredge to 921.6 feet.[2] The marina then brought an action in Hennepin County District Court, asserting jurisdiction under Minn.Stat. § 112.801 and alleging that the watershed district had arbitrarily denied the permit amendment. The district court, interpreting section 112.801 to apply only to orders authorizing or refusing to establish a project and improvement in whole or part, held that it lacked jurisdiction to hear the appeal under section 112.801. The marina petitioned the court of appeals, which granted a writ of mandamus directing the district court to exercise jurisdiction pursuant to Minn.Stat. § 112.801 (1988). *Gayle's Marina Corp. v. Minnehaha Creek Watershed Dist.*, 451 N.W.2d 907 (Minn.App. 1990). We granted the watershed district's petition for further review and affirm.

## II

■ Section 112.801 establishes review procedures for certain actions taken by the board of managers of a watershed district:

An appeal may be had to the district court or to the board [of water and soil resources] by any party, or jointly by more than one, aggrieved by an order of the managers made in any proceeding and entered upon its record determining any of the following matters:
(1) the amount of benefits determined;
(2) the amount of damages allowed;
(3) the allowance of fees or expenses in any proceedings;
(4) a matter that affects a substantial right; or
(5) an order of the managers authorizing or refusing to establish a project and improvement in whole or in part.

Minn.Stat. § 112.801 (1988).

The language of section 112.801 unambiguously states that a watershed district order made in any proceeding is reviewable if it affects a substantial right. The watershed district does not contend that the permit decision by the board was not an order or that the refusal to grant the permit amendment did not affect a substantial right. The legislature authorized the creation of watershed districts to perform two categories of functions: (1) to undertake projects that advance or improve flood control, drainage, water quality, and other water conservation objectives; and (2) to regulate the use of water as well as the use of land as it affects our water resources. *See* Minn.Stat. § 112.36, subd. 2 (1988) (setting out the purposes for which a watershed district may be established); Minn.Stat. § 112.43, subd. 1 (1988) (granting powers to the managers of a watershed district).

Since the legislature authorized watershed district regulation of activities such as dredging, it must have anticipated that these districts would need to hold proceedings to determine whether or not to issue permits to dredge. Because the legislature used broad language to provide for review of an order "in any proceeding," we conclude that permit decisions of a watershed district made under their regulatory authority are subject to the review provisions of section 112.801.

## III

■ Forecasting a flood of disputes over such administrative decisions, the watershed district contends that the legislature could not have intended that permit decisions would be subject to accelerated review in the district court with a mandatory

2. At this meeting, the watershed district did amend the marina's permit to dredge to a depth of 923.6 feet subject to the approval of the Minnesota Department of Natural Resources.

jury trial under section 112.801. Instead, the watershed district suggests that a declaratory judgment action is the proper means to obtain review of a watershed district permit decision.

In construing a statute, we must presume that the legislature does not intend a result that is absurd or unreasonable. *Lenz v. Coon Creek Watershed Dist.*, 278 Minn. 1, 12, 153 N.W.2d 209, 218 (1967). Where the language of the statute, however, is unambiguous as here, no construction is necessary or permitted. *Id.* at 9, 153 N.W.2d at 216.

Section 112.801 permits a party aggrieved by a watershed district order to appeal to either the district court or the Board of Water and Soil Resources. The statute requires fact-finding by either the Board of Water and Soil Resources or by a jury in district court. Minn.Stat. § 112.801, subd. 6 (1988). In appeals to the district court, it provides for accelerated de novo review by a jury trial, an unusual form of review of administrative action. If the party decides to appeal to the district court, however, subdivision 6 permits the district court to refer matters to the Board of Water and Soil Resources as referee:

> If the appeal from the order of the managers is to the district court, and it appears to the court that there are involved facts, circumstances, or matters especially within the knowledge, functions, or duties of the board [of water and soil resources], the court may refer to the board as referee questions of fact within the scope of the board's knowledge, functions, and duties. The board shall make its findings of fact upon the questions and report them back to the court.

Minn.Stat. § 112.801, subd. 6 (1988).

This subdivision grants the trial court discretion to use the board, instead of a jury, as the trier of fact as long as the matters are "especially within the knowledge, functions, or duties of the board." The legislature thus recognized that some issues are better suited to resolution by the Board of Water and Soil Resources, which has developed expertise in the management and regulation of Minnesota's water resources, rather than by a jury.

In most cases, we believe that the Board of Water and Soil Resources will be better equipped to act as fact-finder in the initial review of watershed district permit decisions—either on direct appeal from the managers' decision or as referee for the district court. The board has a dispute resolution committee whose functions include hearing and resolving appeals under section 112.801. Minn.Stat. § 110B.35, subd. 8 (1988). When acting as referee, if necessary, the board may appoint an administrative law judge to receive evidence in order to make findings of fact to report back to the district court. After the board reports back its findings of fact, the trial judge determines legal issues and has discretion whether or not to accept the board's findings of fact and whether to receive further evidence.

Section 112.801 envisions expedited review of watershed district orders, utilization of the expertise of the Board of Water and Soil Resources, and a jury trial when issues are not tried before the board. To accomplish the goals of this statute, the legislature established the outlined appeal procedure, which by its plain language applies to permit decisions. If the legislature intends a contrary result, it can review and amend the statute.

We therefore affirm the court of appeals.

